BECKIE RAPOPORT et al., Respondents, v. CITY OF NEW YORK, Appellant.

First Department, December 16, 1952.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellant.

*Louis Dubow* of counsel (*Joseph Gold* with him on the brief; *Irving Coopersmith,* attorney), for respondents.

*Per Curiam.* Defendant, City of New York, appeals from a judgment upon a jury verdict in favor of plaintiffs for the sum of $15,000.

Plaintiff, Beckie Rapoport, was injured on December 30, 1947, by slipping on an accumulation of snow and ice on the sidewalk in front of a dwelling house on Teller Avenue between 169th and 170th Streets, in the borough of The Bronx. The accident occurred less than ninety hours after the termination of the record-breaking blizzard of December 26, 1947, during which there fell 25.8 inches of snow and 2.67 inches of other precipitation. It was the greatest snowfall ever recorded in the history of the city's weather bureau, which began to function in the year 1870. During the ninety hours between the end of the snowfall and the time of plaintiff's accident, the temperature was above the freezing level for a total of only six hours. The testimony showed that during this period the sanitation department and the police department of the city had been used not only to cope with the problem of snow removal, but to aid with the resultant health and manifold safety problems.

Considering the volume of the snowfall and the conditions which accompanied it, the city reasonably could not have been expected to have all the roadways and sidewalks cleared within ninety hours.

In the light of the evidence, we hold that no liability could be imposed on defendant by reason of its alleged failure to have the sidewalk upon which plaintiff fell, clear of snow and ice within ninety hours after the termination of the storm (*Reut-*

*linger* v. *City of New York,* 255 App. Div. 848, affd. 281 N. Y. 592; *Kirsch* v. *City of New York,* 256 App. Div. 903, affd. 289 N. Y. 684; *Yonki* v. *City of New York,* 276 App. Div. 407, appeal dismissed 303 N. Y. 852).

The judgment should be accordingly reversed and the complaint dismissed, with costs to the appellant. ·

DORE, J. P., COHN, VAN VOORHIS and BREITEL, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, the complaint dismissed and judgment is directed to be entered in favor of the appellant, with costs.