VINCENT SMITH, Respondent, *v.* CITY OF NEW YORK, Appellant, et al., Defendants.

First Department, October 27, 1953.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellant.

*Arthur N. Seiff* (*Louis Greenfield,* attorney), for respondent.

*Per Curiam.* The plaintiff was injured on January 1, 1948, at 6:00 P.M. by falling on an accumulation of snow and ice on a sidewalk on West 42nd Street, New York City. This was some 135 hours after the cessation of the blizzard of December 26–27, 1947. The case with respect to the lapse of time differs from *Yonki* v. *City of New York* (276 App. Div. 407) where the accident occurred 60 hours after the same storm, and *Rapoport* v. *City of New York* (281 App. Div. 33) where the

injury was sustained 90 hours after the storm. The passage of almost six days, the rough and ridgy condition of the snow and ice and the prominence of the thoroughfare would seem to be sufficient to create an issue of fact as to the negligence of the municipality in failing to clean the sidewalk.

Defendant rested without proof, but offered to show the efforts of the city in the interim after the storm in attempting to clean snow from the city streets. The trial court did not reject this proof, in fact said it would take cognizance of it, but called attention that the site of the present accident was on a sidewalk and not on the street itself. In spite of this specific suggestion by the trial court, the city immediately rested its proof and made no further offer whatever to show what efforts, if any, it made in the locality in question or anywhere else in the city to remove the snow from the sidewalks as distinguished from streets or roadways or to cause the owners to clean such sidewalks during the five and a half days that intervened after the end of the snowfall and before the accident.

The city asserts that it is not liable because it is impossible to tell whether the plaintiff was injured from a condition resulting from the December 26th–27th storm or from an additional hazard caused by freezing rain which was falling at the time of the accident. It invokes the rule of law that no liability arises where the proof merely shows that the damage was occasioned by one of two causes for one of which the defendant would not be responsible.

The city calls attention to the fact that that rule has been applied where there is a second and recent fall of snow on top of an earlier one and the cause of injury may be the snow which fell on the second rather than the first occasion. Here, however, there was no new snow and there was no testimony that the falling rain had added materially to the hazard caused by the rough ridgy snow in which there were many high and low spots.

Unlike the case of *Taylor* v. *City of Yonkers* (105 N. Y. 202) where the freezing weather covered everything with a film of ice making cleared sidewalks just as dangerous as those not cleaned, the proof here would warrant a finding that cleaned sidewalks were less dangerous for the plaintiff had negotiated them safely. Although the witnesses described the cleaned sidewalks as slippery, they also said they were passable when clear.

Even if we assume that the rain may have contributed to the hazard to some degree, we think the case was one where

the accumulated snow might be found to be a concurrent cause. In. *Ring* v. *City of Cohoes* (77 N. Y. 83, 88) it was said: " When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate — the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible — the municipality is liable, provided the injury would not have been sustained but for such defect ". (See, also, *Foley* v. *State of New York*, 294 N. Y. 275, 280.) The learned trier of the facts specifically found that the negligence of the city in failing to remove the accumulation of snow from the sidewalk caused the injuries.

The evidence here would support a finding by the trial court that the accumulated snow created an obstruction or dangerous condition without the presence of which the accident would not have happened.

The judgment should be affirmed.

COHN, J. (dissenting). In this snow and ice case the City of New York appeals from a judgment entered after a nonjury trial awarding plaintiff $6,500 as damages for personal injuries.

At about six o'clock in the evening of January 1, 1948, during a cold freezing rainstorm, plaintiff, while walking on the north sidewalk of 42nd Street in front of a vacant lot between 10th and 11th Avenues, in the borough of Manhattan, slipped and fell, sustaining the injuries for which he brought suit.

The glaze or ice storm had begun at 8:35 A.M. on that day. It formed a deposit of ice on sidewalks causing hazardous walking. The storm reached its peak intensity between 5:00 and 8:00 P.M. during which interval the plaintiff fell. The records of the weather bureau, in evidence, show that while the storm was in progress the temperature ranged between twenty-nine and thirty-two degrees Fahrenheit. Plaintiff's own witnesses testified that at the time plaintiff fell the rain was freezing on top of the snow; that even the clear sidewalks were slippery and " pretty bad ".

This accident occurred within six days of the great snowfall of December 26 and 27, 1947. According to his testimony, plaintiff " suddenly came to the snow and ice ", which was " quite thick * * * sort of ridgy, high and low ", " about eight inches thick ". He stated that the sidewalks in the vicinity had been cleared for two days prior to the accident, but that the spot on which he fell had not. A statement contained in the records of the United States Weather Bureau, in evidence, in

referring to weather conditions in the month of January, read in part as follows: '' The glaze or ice storm of the 1–2d [of January], which formed a deposit of ice on sidewalks, roads, trees and telephones lines, causing hazardous walking and driving conditions  *  *  * ''.

If the claim is that plaintiff fell upon the slippery sidewalk caused by the freezing rain and ice storm of January 1st, the city could not be held responsible. There is no duty resting upon the municipality to make the useless effort of removing snow while snow is falling or of removing ice while ice is forming. (*Bressler* v. *Rule Realty Co.*, 219 App. Div. 529, affd. 248 N. Y. 619; *Rusk* v. *Manhattan Ry. Co.*, 46 App. Div. 100, 104; *Falina* v. *Hollis Diner*, 281 App. Div. 711; *Valentine* v. *State of New York*, 197 Misc. 972, affd. 277 App. Div. 1069, motion for leave to appeal denied 302 N. Y. 952.)

The trial court found that plaintiff's fall was caused by the negligence of the City of New York in failing to remove from the sidewalk snow which had accumlated from the snowstorm five and one-half days before. The weather records show a blizzard of 25.8 inches, beginning at 3.20 A.M. on the 26th of December, 1947, and ending at 3:05 A.M. on the next day. It was the greatest snowstorm in the history of the City of New York so far as records of the weather bureau indicate. (*Rapoport* v. *City of New York*, 281 App. Div. 33.) Records in evidence establish that the temperature was not above the freezing level except possibly for a few hours and certainly not for a long enough time to permit the City of New York to cope with the extraordinary conditions which confronted it during the period after this snowfall and before the occurrence of the accident. Taking into consideration the volume of the snowfall and the conditions which accompanied it, the city could not reasonably have been expected to have all the sidewalks including the sidewalk at which the accident occurred cleared away at the time plaintiff sustained his injuries (*Rapoport* v. *City of New York, supra, Yonki* v. *City of New York*, 276 App. Div. 407, appeal dismissed 303 N. Y. 852).

The various efforts made by the city to clear away the snow and ice from the streets of New York were fully recognized by the experienced and capable Referee who tried this case; such proof by the city of its conduct in endeavoring to cope with the extraordinary conditions caused by the great storm was clearly competent and if the offer of proof had been pressed, such evidence would doubtless have been received. (*Reutlinger* v. *City of New York*, 255 App. Div. 848, affd. 281

N. Y. 592; *Shyatt* v. *City of New York,* 258 App. Div. 883, affd. 283 N. Y. 708; *Kirsch* v. *City of New York,* 289 N. Y. 684; *Yonki* v. *City of New York, supra; Rapoport* v. *City of New York, supra.*)

Even if we were to assume that plaintiff established by a fair preponderance of evidence negligent failure of the city to remove the snow caused by the blizzard, there is lacking proof that plaintiff's fall was due to the accumulation of snow left as a result of the blizzard and that it may not have been due to the slippery condition caused by the ice storm prevailing at the time of the accident.

Where, as here, the precise cause of an accident is left to conjecture, and may as reasonably be attributed to a condition for which no liability attaches as to one for which it does, the plaintiff is not entitled to recover and the complaint should be dismissed. (*Taylor* v. *City of Yonkers,* 105 N. Y. 202, 209; *Solomon* v. *Brooklyn Cornell Utilities,* 265 App. Div. 886, affd. 291 N. Y. 593; *Lahr* v. *Tirrill,* 274 N. Y. 112, 117; *Digelormo* v. *Weil,* 260 N. Y. 192, 200; *Kelly* v. *City of New York,* 257 App. Div. 863.)

In *Foley* v. *City of New York* (95 App. Div. 374, 379) this court said: "Here the plaintiff slipped and fell on the snow and ice which accumulated upon the walk during the storm which occurred on the twenty-first and twenty-second, and as to this, as we have already said, the defendant cannot be said to have been negligent because it did not remove it. Whether the snow which fell on the seventeenth, if it be assumed that the defendant was liable because it had not removed that, contributed to her fall, the jury could not by any possibility tell. To permit them to attempt to do so was to permit them to speculate and guess, and a verdict based upon any such conclusion cannot stand."

For the foregoing reasons I dissent, and vote for a reversal of the judgment and a dismissal of the complaint.

DORE, J. P., CALLAHAN and BOTEIN, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to reverse and dismiss the complaint in opinion in which BASTOW, J., concurs.

Judgment affirmed, with costs.