■ ELSIE SISSON et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment dismissing complaint unanimously reversed, on the law and facts, with costs to appellants to abide the event and new trial granted. The complaint herein was dismissed at the close of plaintiffs' case and a verdict directed in favor of defendant. This required a determination by the trial court that by no rational process upon the proof submitted could the jury have based a finding in favor of plaintiffs (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245). Such a determination was erroneous. There was proof that plaintiff wife was injured in the late afternoon while attempting to pass over a mound of snow some three feet high. It was conceded by the city that 14 inches of snow had fallen during a period ending at 8 o'clock in the morning of the same day. While the trial was abbreviated and plaintiffs were given little opportunity to present their evidence, it was conceded that snowplows were operating in the vicinity. The jury might have inferred that the mound of snow was created by such activity. We recognize the rule relied on by the city as to its nonliability for failure to promptly remove recently fallen snow (*Yonki* v. *City of New York*, 276 App. Div. 407). But a different rule is applicable when it might be found that the condition is caused or aggravated by the negligent acts of the municipality. (5 Warren's N. Y. Negligence, p. 623.) If it should be established that the employees of the city in plowing the streets caused mounds of snow several feet high to be formed upon a crosswalk the situation would be distinguishable from accumulated snow lying undisturbed in its fallen state. But such proof standing alone would be insufficient. Pertinent to a determination of the plaintiffs' right to recover would be not only the amount of the snowfall and the time elapsed after the cessation of falling snow but further proof of the affirmative acts of the city, if any, in creating the claimed condition. The latter subject would require exploration of the over-all condition confronting the municipality relating to the removal of snow from the streets and highways as well as from crosswalks and sidewalks. (Cf. *Smith* v. *City of New York*, 282 App. Div. 495, affd. 307 N. Y. 843; *Rapoport* v. *City of New York*, 281 App. Div. 33, affd. 306 N. Y. 636; *Yonki* v. *City of New York*, *supra*.) It is insufficient to simply prove that the city had plowed a pile of snow at a crosswalk and a pedestrian fell while crossing the mound. The ultimate test is whether the city used proper efforts in clearing away snow when considered in the light of all the conditions that faced the municipality at the time the storm ended. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.