**780**

■ WILLIAM LANGERT, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment unanimously reversed upon the law and upon the facts, and a new trial ordered, with costs to abide the event. It is no longer necessary or fitting to cite authority for the proposition that when an action is dismissed at the close of plaintiff's case plaintiff is entitled to the best construction of the evidence that the testimony will warrant. Applying that test, there was testimony that at the point where plaintiff sought to cross the roadway there were ruts of ice eight inches deep; that the city had notice of the condition by virtue of the fact that the area was flooded from a water main that had burst; and that the condition arose a sufficient length of time before the happening of the accident and it became a factual question whether the failure to correct it was negligence. These facts establish a sufficient case to go to the jury (Smith v. City of New York, 282 App. Div. 495, affd. 307 N. Y. 843). In so holding we do not intimate that the facts as ultimately found will accord with plaintiff's testimony, or that a verdict based on that testimony, if controverted, should survive. Concur — Breitel, J. P., Valente, Stevens, Steuer and Staley, JJ.

■ MERIDIAN TRADING CORP., Appellant, v. CARLTON CREDIT CORPORATION, Respondent.— Order, entered on July 9, 1963, denying plaintiff's motion for summary judgment, unanimously modified, on the law, the facts and in the exercise of discretion, and plaintiff's motion granted to the extent of dismissing the defendant's "third defense and first counterclaim", and, as so modified, the order is affirmed, without costs. Triable issues of fact exist which require a denial of plaintiff's motion for summary judgment except as to the "third defense and first counterclaim." The defendant there alleges that the plaintiff received in excess of $17,000 in the course of a chapter XI proceeding involving the Denton Steamship Corp., and that by reason of a certificate of indebtedness executed in its favor, defendant is entitled to such funds. In the affidavits submitted by plaintiff in support of its motion, it is averred unequivocally that such funds were never received. In its reply affidavit, defendant's president states that he was informed by plaintiff's general manager and another that plaintiff had received the moneys in question. In the face of the clear and unequivocal denials by the plaintiff's fiscal officer that such funds were ever received, the mere averment of defendant's president that he had been informed to the contrary, completely unsupported by any evidentiary specification, is insufficient to withstand the attack of summary judgment. Concur — Rabin, J. P., McNally, Stevens, Eager and Staley, JJ.

■ MICHAEL P. CARELLI, an Infant, by His Guardian ad Litem, JOHN CARELLI, et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— Judgment, entered July 25, 1963 on an order, directing a verdict in favor of defendants, unanimously affirmed, with costs to respondents. (Cf. Rapisardi v. Board of Educ., 242 App. Div. 647; Lutzker v. Board of Educ., 262 App. Div. 881, affd. 287 N. Y. 822; Zarillo v. State of New York, 8 A D 2d 651, affd. 7 N Y 2d 943.) Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.