### (January 28, 1965)

■ MIGUEL CRUZ, Appellant, v. CITY OF NEW YORK, Respondent. — Judgment dismissing the complaint at the close of plaintiff's case affirmed, with $50 costs to respondent. The United States Weather Bureau Report for December 11, 1960 shows a snowfall of 3.1 inches; for December 12, 1960, 13.9 inches; and for December 19, 1960, the day of the accident, 1.3 inches — a total of 18.3 inches. The report also shows that during the period from December 11, 1960 until the day of the accident, with the exception of December 15 and 16, 1960, the temperatures were consistently below freezing. Plaintiff testified that on December 19, 1960, he fell on a patch of ice 2½ to 3 feet square which was all that was left of the prior snowfall; that the ice was covered by a light snow which had been falling for at least one hour before the accident. On December 18, 1960, the day prior to the occurrence, plaintiff observed the sidewalk had been cleared of the preceding snowfalls. This was the condition of the sidewalk for several days prior to the occurrence. On this record it has not been established that the occurrence resulted from the negligence of the defendant. It does not appear that the defendant failed properly to clear the entire sidewalk; for all that appears it may well be that the patch of ice was caused by casual water or slush tracked onto the sidewalk during the period of slight thaw and subsequently frozen. (See *Kolasky* v. *City of New York*, 288 N. Y. 523; *Winckler* v. *City of New York*, 129 App. Div. 45.) Moreover, it is a matter of speculation whether the occurrence resulted from the fresh covering of snow or the alleged icy condition. *Prince* v. *City of New York* (21 A D 2d 668) is distinguishable on its facts. There the evidence enabled the finding that the defendant had failed to correct an extensive irregular and lumpy icy condition for about a week during which there had been periods of thawing weather. In the instant case, however, it is undisputed that the sidewalk had been cleared and it does not appear that the single patch of ice was related to faulty clearing. Concur — Rabin, McNally and Steuer, JJ.; Breitel, J. P., and Staley, J., dissent in the following memorandum by Breitel, J. P.: In this snow and ice case plaintiff's proof established his right prima facie to go to the jury. He testified that he fell on a piece of ice that was covered by a little snow on top. He testified further that the ice had been there at least a week before, following a still earlier snowfall, and that it continued to remain there for the ensuing period. It is true that in the period between when the ice had formed and the date of the accident there had been subfreezing weather with the exception of one day. Whether the ice should have been removed, or had melted as a result of the one day in which the temperature rose above freezing, is not material since these circumstances merely create further questions of fact to be determined by the jury. *Prince* v. *City of New York* (21 A D 2d 668) is precisely in point. This court in its memorandum decision said: "Plaintiff testified that patches of lumpy ice had been on the sidewalk by the school for about a week during which there had been periods of thawing weather. She said she slipped on the lumpy patch after it had been lightly covered with fresh snow. These facts warrant submission of the case to

the jury (see 27 N. Y. Jur., Highways, Streets, and Bridges, § 480.). Although plaintiff's case may be dubious, a verdict may not be directed since the standard is not whether a verdict on her behalf would be set aside as contrary to the weight of the credible evidence, but whether the jury could find for her by any rational process (see *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4401.14–4401.17)." (See, also, *Smith* v. *City of New York*, 282 App. Div. 495, affd. 307 N. Y. 843.) Accordingly, I dissent and, on the law, vote to reverse the judgment dismissing the complaint and to order a new trial, with costs and disbursements to abide the event.