## Second Department, March, 1969

## (March 3, 1969)

■ Edward Christenson, Respondent, v. City of New York, Appellant. — Judgment of the Supreme Court, Kings County, entered January 31, 1968, reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below are not affirmed. In our opinion, evidence that plaintiff slipped on a general condition of ice in a crosswalk about 68 hours after the second largest recorded snowfall in the history of the City of New York was insufficient to present a jury question as to whether defendant was negligent in failing to remove the accumulated ice (*Staub v. City of New York*, 295 N. Y. 612; *Kirsch v. City of New York*, 289 N. Y. 684; *Reutlinger v. City of New York*, 281 N. Y. 592; *Seltzer v. City of New York*, 266 App. Div. 880, affd. 292 N. Y. 560; *Schwabl v. St. Augustine's Church*, 288 N. Y. 554; *Williams v. City of New York*, 214 N. Y. 259; *Dupont v. Village of Port Chester*, 204 N. Y. 351; *Taylor v. City of Yonkers*, 105 N. Y. 202, 206; *Sisson v. City of New York*, 20 A D 2d 695; *Yonki v. City of New York*, 276 App. Div. 407, app. dsmd. 303 N. Y. 852; *Rapoport v. City of New York*, 281 App. Div. 33; *Fischetti v. City of New York*, 269 App. Div. 948). It was error, however, to take from the jury the question as to whether the existence of a large hole in the crosswalk might have been a concurrent proximate cause of the accident (*Foley v. State of New York*, 294 N. Y. 275, 280; *Ring v. City of Cohoes*, 77 N. Y. 83, 88; *Smith v. City of New York*, 282 App. Div. 495, 497; affd. 307 N. Y. 843; *Hall v. State of New York*, 28 A D 2d 1203; *Pfeffer v. City of New York*, 25 A D 2d 889; see 5 Warren's N. Y. Negligence, pp. 622-623). Accordingly, a new trial is required. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ Henry Dowling, as Administrator of the Estate of Viola Ables, Deceased, Respondent, v. Sam Birnbaum et al., Defendants, and Arthur Lippman, Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant Lippman appeals from an order of the Supreme Court, Kings County, dated September 13, 1968, which denied his motion to dismiss the complaint for failure to prosecute, pursuant to CPLR 3216. Order affirmed, with $10 costs and disbursements. We feel the extraordinary combination of misfortunes which affected plaintiff's surviving attorney was responsible for the delay in prosecuting the action; and, absent any substantial prejudice to appellant, the interests of justice warranted the learned Special Term in denying the motion. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.