■ FRANKLIN M. WOLFE et al., Respondents, v TOWN OF HEMPSTEAD, DEPARTMENT OF PARKS AND RECREATION, Defendant, and JERRY TAMBER et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants Jerry Tamber and Nina Tamber appeal from (1) an order of the Supreme Court, Nassau County, dated September 21, 1978, which denied their motion pursuant to CPLR 3012 (subd [b]) to dismiss the action upon plaintiffs' failure to make timely service of their complaint, and (2) a further order of the same court, dated March 2, 1979, which denied their motion for renewal. Order dated September 21, 1978 reversed, on the law, motion granted and complaint dismissed as against the Tambers. Appeal from the order dated March 2, 1979 dismissed as academic. Appellants are awarded one bill of $50 costs and disbursements. Plaintiff Franklin M. Wolfe claims to have been injured on July 21, 1975, when struck by a windblown beach umbrella allegedly not properly secured by defendants. On or about September 18, 1976, plaintiffs commenced this action against Jerry and Nina Tamber by service of a summons without complaint, containing the required default notice, upon each of said defendants. The Town of Hempstead also was joined as a defendant. On October 7, 1976 the Tambers served a demand for complaint on plaintiffs' attorney. No complaint was served until July 21, 1978, at which time Tambers' counsel returned the complaint as untimely served, enclosing their notice of motion to dismiss for failure to make such timely service. Special Term denied the motion and denied the motion for renewal "in the nature of reargument". These appeals are from both denials. In his papers in opposition to the dismissal motions, Franklin Wolfe asserted that he had a meritorious cause of action and listed the serious injuries allegedly suffered. An affidavit of plaintiffs' original attorney alleged that a series of vision ailments requiring surgery and extended periods of convalescence prevented him from timely serving the complaint. In April of 1978 this attorney recommended that plaintiffs retain other counsel which they did on May 2, 1978. Nevertheless, the substituted lawyers did not serve the complaint until July 21, 1978. We conclude that Special Term erred and that grant of the dismissal motion was mandated. A plaintiff seeking to defeat a motion to dismiss for failure to timely serve a complaint must demonstrate a reasonable excuse for the delay and that his claim against the defendant has merit (see *Verre v Rosas,* 47 NY2d 795; *De*

*Stefano v Nash,* 40 AD2d 1010). At bar neither requisite has been met. The original attorney's claim that his eye troubles prevented service of a complaint (for 18 months) is unsupported by medical documentation and no reason for the failure to recommend earlier that other counsel be retained is offered. Plaintiffs' new attorneys do not explain why they did not serve the complaint for almost three months after being retained by plaintiffs. Franklin Wolfe's allegations of merit similarly fall short. At no point does he explain what it is that the Tambers did wrong. Indeed, all he states is "that at said time and place I was caused to be struck by a wind-blown beach umbrella maintained by Defendant's *[sic]* which was not properly anchored and secured to the ground." This amounts to little more than a repetition of the contents of the complaint in the action. Thus, despite the fact that the "Defendant's" include the Town of Hempstead, as well as the Tambers, plaintiffs still refuse to specify what any one defendant did. Whether the umbrella belonged to the town or the Tambers is not disclosed and how either of the Tambers contributed to the occurrence remains unstated. In the bill of particulars served upon the town (which has not moved to dismiss), the plaintiffs claim that a dangerous condition was maintained by the town for six hours and that the town did not "safeguard, secure and anchor" the beach umbrella. As the Court of Appeals has stated, "affidavits [of merit] must be sufficient to establish prima facie that the plaintiff has a good cause of action" *(Barasch v Micucci,* 49 NY2d 594, 599). The existence of such a cause of action against the Tambers has not been demonstrated in this record. Accordingly, reversal and dismissal are required. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.