■ MARIE FERRIGNO et al., Respondents, v ST. CHARLES HOSPITAL, Appellant, et al., Defendants. — In a medical malpractice action, defendant St. Charles Hospital appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 30, 1981, which (1) denied its motion to dismiss the complaint for failure to comply with a conditional order of preclusion, and (2) granted plaintiffs' cross motion to the extent of relieving them of their default and granting them leave to serve a bill of particulars, upon condition that plaintiffs' attorney pay to appellant $500. Order reversed, on the law, with $50 costs and disbursements, appellant's motion to dismiss the complaint is granted, and the cross motion is denied. The bill of particulars was demanded on February 14, 1980. In the absence of a response, appellant moved for an order of preclusion. A 20-day conditional order of preclusion was granted on June 9, 1980. This order was disregarded until plaintiffs belatedly furnished a bill of particulars as part of their opposition to appellant's motion to dismiss, some nine months after the bill was originally due and four and one-half months beyond the time fixed by the court order. It was an abuse of discretion to have denied appellant's motion since plaintiffs failed to demonstrate (1) a reasonable excuse for the delay and (2) the legal merits of their claim (see *Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center,* 81 AD2d 658; *Kahn v New York Univ. Med. Center,* 60 AD2d 862). The proffered excuse, that the delay was due to a filing or clerical error, can only be characterized as "law office failure," which is insufficient, as a matter of law, to support plaintiffs' cross motion (see *Barasch v Micucci,* 49 NY2d 594; *Verre v Rosas,* 47 NY2d 795). Moreover, the conclusory affirmation of plaintiffs' attorney is insufficient to demonstrate the existence of a meritorious claim (see *Wolfe v Town of Hempstead, Dept. of Parks & Recreation,* 75 AD2d 811); instead, evidentiary facts should have been submitted by a medical expert (see *Sussman v Franklin Gen. Hosp.,* 77 AD2d 567). Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.

■ ROBERT FUSCO, Appellant, v ANNA BIELSKI, Individually and as Preliminary Executrix of PETER DANYLUK, Deceased, Respondent. — Appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated March 27, 1981, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment of the same court dated May 5, 1981, affirmed. No opinion. Defendant is awarded one bill of costs. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.