■ MARTHINE HARGETT, Respondent, v HEALTH & HOSPITALS CORPORATION OF THE CITY OF NEW YORK, Defendant, and BROOKDALE HOSPITAL MEDICAL CENTER, Appellant. — In a medical malpractice action, defendant Brookdale Hospital Medical Center appeals from an order of the Supreme Court, Kings County (Pino, J.), dated September 14, 1981, which, *inter alia,* (1) denied its motion for summary judgment as to it, based upon plaintiff's failure to comply with a conditional order of preclusion that had been entered upon her default, and (2) granted plaintiff's cross motion to vacate her default. Order reversed, on the law, with $50 costs and disbursements, defendant Brookdale Hospital's motion for summary judgment as to it is granted, the plaintiff's cross motion is denied, and the action is severed and dismissed as against Brookdale Hospital. In early August, 1979, plaintiff commenced this medical malpractice action by service of a summons and complaint. It was alleged that plaintiff was injured by defendants in the course of medical treatment in June, 1978. On August 20, 1979 Brookdale Hospital served its answer and a demand for a bill of particulars. In November, 1979 the hospital moved for an order of preclusion since no bill of particulars had been received. On default of plaintiff, Special Term, by order dated February 21, 1980, granted the motion to preclude unless plaintiff served a bill of particulars within 60 days after service upon her of a copy of the order with notice of entry. Plaintiff was duly served on March 13, 1980. The hospital brought the present motion for summary judgment on May 21, 1981. Plaintiff cross-moved to vacate the order of preclusion on July 6, 1981. At the same time, service of the bill of particulars was attempted. This was nearly 16 months after the conditional order of preclusion was served upon plaintiff and more than 22 months after service of the demand for the bill of particulars. The hospital promptly rejected service. Plaintiff's cross motion was supported by an affidavit by plaintiff simply stating that her cause of action had merit and that she was seriously ill, having suffered an aneurism, which made it difficult for her to communicate. This was accompanied by her attorney's affirmation stating that the default was due to his being taken ill from April, 1980 through the end of 1980 (he was totally unable to work for four months commencing in July, 1980). Special Term denied the hospital's motion and granted plaintiff's cross motion. To the extent that plaintiff's excuse for the delay in serving the bill of particulars is counsel's illness, it is a reasonable excuse (see *Dowling v Birnbaum,* 31 AD2d 927). However, the illness accounts for less than half of the lengthy delay in serving the bill of particulars and no other reasonable excuse was given. Furthermore, the only affidavit of merit submitted in support of the cross motion was plaintiff's own, which was conclusory. To succeed on a motion to vacate an order made on default, a plaintiff must establish first that the default was excusable and second, that the cause of action has merit (see *Beneficial Fin. Co. of N.Y. v Kramer,* 48 AD2d 822). Here, plaintiff has failed to establish that her default was excusable and, due to her failure to submit any evidence, has also failed to establish a meritorious cause of action (see *Kahn v New York Univ. Med. Center,* 60 AD2d 862; see, also, *Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center,* 81 AD2d 658; *Sussman v Franklin Gen. Hosp.,* 77 AD2d 567; *Barasch v Micucci,* 49 NY2d 594). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.