## SECOND DEPARTMENT, JANUARY, 1983

## (January 3, 1983)

■ EDWARD BAILEY, as Administrator of the Estate of CORA BAILEY, Deceased, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL, Defendant, and WILLIAM SHERBANY, Appellant. — In a medical malpractice action, defendant Sherbany appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated September 15, 1981, as, upon granting his motion, *inter alia*, for summary judgment, did so unless plaintiff served upon him within a specified time, a responsive bill of particulars and an authorization for North Shore University Hospital medical records. Order reversed insofar as appealed from, on the law, without costs or disbursements, and appellant's motion granted unconditionally. In his affidavit in opposition to appellant's motion, the plaintiff failed to (1) establish a reasonable excuse for his failure to comply with two previous orders of preclusion, and (2) make a prima facie showing of merit by an affidavit of a physician competent to attest to the meritorious nature of his claim. Accordingly, it was an abuse of the court's discretion to have afforded plaintiff a further opportunity to serve upon appellant a responsive bill of particulars and an authorization for North Shore University Hospital medical records (see *Barasch v Micucci*, 49 NY2d 594; *Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center*, 81 AD2d 658; *Ferrigno v St. Charles Hosp.*, 86 AD2d 594). Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.