◼ MARTIN NOROWITZ, Doing Business as BAM WINDOW COMPANY, Appellant, v PONCONCO, INC., et al., Respondents. — In an action, *inter alia,* to

recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated June 25, 1982, which deemed plaintiff's motion to vacate a prior order of the same court, dated December 3, 1981 (Hyman, J.), to be a "motion to reargue a prior motion which resulted in the order of this court dated February 16, 1982" (Lerner, J.), and denied said motion. Order reversed, without costs or disbursements, plaintiff's motion is deemed one to renew the prior motion to vacate the order dated December 3, 1981, which, *inter alia,* dismissed his complaint, the motion is granted and, upon renewal, the orders dated December 3, 1981 and February 16, 1982 are vacated. The judgment entered July 2, 1982 is hereby vacated. Defendants may conduct an examination before trial of the plaintiff at a time and place to be fixed in a written notice of not less than 10 days, or at such time and place as the parties may agree. By order dated December 3, 1981, Special Term granted, without opposition, defendants' motion, *inter alia,* to dismiss plaintiff's complaint as a sanction for plaintiff's failure to comply with a prior order directing him to appear on a specified date for an examination before trial. By order dated February 16, 1982, Special Term denied plaintiff's motion to vacate the order dated December 3, 1981. Upon retaining new counsel, plaintiff again moved to vacate the order dismissing his complaint. Special Term construed the motion as one to reargue and denied it. Contrary to Special Term's characterization of plaintiff's motion, however, we deem the motion, however inartfully drawn, to be one to renew, rather than to reargue, the prior motion made by plaintiff's former counsel to vacate the order of December 3, 1981. Plaintiff's default in appearing at the court-ordered examination before trial and in proffering papers in opposition to defendants' motion, *inter alia,* to dismiss the complaint as a sanction for plaintiff's noncompliance, was due to the mental incapacitation of his former attorney. The mental illness which disabled plaintiff's former counsel was corroborated by a letter from his psychiatrist. The illness of a party's attorney, when corroborated by medical documentation, suffices as a reasonable excuse for vacatur of a default (see *Dowling v Birnbaum,* 31 AD2d 927; cf. *Wolfe v Town of Hempstead, Dept. of Parks & Recreation,* 75 AD2d 811). Additionally, plaintiff's affidavit demonstrates a meritorious claim and defense to the counterclaims interposed in defendants' answer. Since the requisites for the vacatur of a prior court order have been met (see CPLR 5015, subd [a], par 1), the orders dated December 3, 1981 and February 16, 1982 are hereby vacated as is the judgment entered thereon. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.