■ MYOUNG GOO LEE et al., Appellants, v MALCOLM MOLEY, Respondent, et al., Defendant. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Kings County (Pino, J.), dated April 5, 1982, which granted defendant Malcolm Moley's motion for summary judgment based upon their failure to comply with a conditional order of preclusion, dismissed the complaint as against Moley, and severed the action as to codefendant St. Luke's Hospital. Order affirmed, with costs. Plaintiffs commenced this action to recover damages for medical malpractice, etc., in 1970, alleging, *inter alia,* an injury occurring when plaintiff Myoung Goo Lee was under the care of the defendants in 1968. Defendant Moley served his answer in April, 1971 and demanded a verified bill of particulars. Nearly six years later, in 1977, plaintiffs complied with the demand. Defendant Moley then moved for an order to preclude plaintiffs from introducing any evidence at trial with respect to "Demand No. 3", alleging that the bill of particulars was not responsive with respect to that demand. On March 30, 1977, Special Term ordered preclusion "unless the bill of particulars is served within 90 days after service of a copy of [the] order with notice of entry thereof on the attorney[s] for PLAINTIFFS". The order was served on November 2, 1977, but was disregarded. Plaintiffs took no further action until late 1981, when they noticed a precalendar conference in Special Term, Part 8A. Thereafter, defendant Moley moved for summary judgment on the ground that preclusion of the items sought in "Demand No. 3" of the bill of particulars left plaintiffs unable to prove a prima facie case. Special Term granted the motion. We affirm. Summary judgment was properly granted since plaintiffs offered no valid excuse for the inordinate delay and failed to demonstrate the merits of their claim (see *Ferrigno v St. Charles Hosp.,* 86 AD2d 594; *Harris v Brooklyn Hosp.,* 81 AD2d 658, cf. L 1983, ch 318). While plaintiffs are not precluded from offering evidence under the remaining items of the demand, the preclusion order with respect to "Demand No. 3" bars them from offering any proof as to Moley's wrongful acts, thereby preventing plaintiffs from proving their causes of action against him. We have considered plaintiffs' remaining contentions and have found them to be without merit. Mollen, P. J., Thompson, Gulotta and Rubin, JJ., concur.