■ RENEE GASS, Respondent, v HAROLD GASS et al., Defendants, and BARBARA WEISBERG et al., Appellants. — In a shareholder's derivative action, defendants Barbara Weisberg and Joel Lenett appeal from (1) an order of the Supreme Court, Rockland County (Cerrato, J.), entered July 19, 1982, which granted plaintiff's motion to be relieved of her default in failing to serve a bill of particulars pursuant to a prior conditional order of preclusion of the same court (Kelly, J.), entered May 13, 1982, upon condition that plaintiff serve appellants with a bill of particulars and pay appellants $100 within a specified time, and which denied appellants' cross motion for summary judgment dismissing the complaint as against them; and (2) an order of the same court (Rubenfeld, J.), entered September 30, 1982, which granted plaintiff's motion for an order relieving her of a judgment entered August 6, 1982, dismissing the complaint as against appellants, upon condition that plaintiff pay appellants' attorney $100 within a specified time. ¶ Orders entered July 19, 1982 and September 30, 1982 reversed, plaintiff's motion for an order relieving her of the judgment entered August 6, 1982 granted, judgment vacated, plaintiff's motion to be relieved of her default in failing to serve a bill of particulars denied, and matter remitted to the Supreme Court, Rockland County, for further proceedings with respect to appellants' cross motion for summary judgment dismissing the complaint as against them, in accordance herewith. ¶ Appellants are awarded one bill of costs. ¶ Appellants first made demand for a bill of particulars on or about August 18, 1981. By order dated September 25, 1981, Special Term (Marbach, J.), *inter alia,* denied plaintiff's motion to vacate the demand and directed her to serve her bill within 20 days after service of a copy of the order. When plaintiff failed to comply, appellants moved to dismiss the complaint as against them. By order entered December 29, 1981, Special Term (Stolarik, J.), *inter alia,* directed plaintiff to serve the bill within 10 days of service of a copy of the order. Upon plaintiff's continued failure to comply, appellants moved once again to dismiss, but Special Term (Kelly, J.), denied the motion by order entered March 8, 1982, without prejudice to renewal within 30 days. When no bill was served, appellants renewed their motion to dismiss. By order entered May 13, 1982, Special Term (Kelly, J.), conditionally granted the motion to the extent of precluding plaintiff from offering evidence at trial regarding matters of which particulars had not been delivered, unless plaintiff served the bill within 10 days after service of a copy of the order. Plaintiff did not comply, and the order therefore became an absolute order of preclusion by its own terms. Plaintiff thereafter moved to be relieved of the prior order upon the ground of excusable default (CPLR 5015, subd [a], par 1). ¶ Appellants cross-moved for an order denying plaintiff's motion and granting summary judgment dismissing the complaint as to them. By order entered July 19, 1982, Special Term (Cerrato, J.), granted the motion and denied the cross motion upon condition that plaintiff serve the bill within 15 days after entry of the order, along with payment to the appellants of $100 to cover, in part, expenses incurred by them as a result of the default; in the event that plaintiff failed to comply, the motion would be deemed denied and the cross motion would be deemed granted. Plaintiff complied to the extent of serving

her bill of particulars, but the required payment was not made. As a result, appellants caused a judgment to be entered dismissing the complaint as to them, based on plaintiff's failure to have complied with the prior order. Plaintiff then moved to be relieved of the judgment upon the ground of excusable default (CPLR 5015, subd [a], par 1). By order entered September 30, 1982, Special Term (Rubenfeld, J.), granted the motion upon condition that a payment of $100 be made to appellants' attorney within 10 days after service of the order. ¶ The orders appealed from must be reversed. It was an improvident exercise of Special Term's discretion to have afforded plaintiff an additional opportunity to serve a bill of particulars, thereby permitting her to escape the consequences of her noncompliance with four prior court orders (*Bailey v North Shore Univ. Hosp.*, 91 AD2d 967, affd 59 NY2d 748; *Ferrigno v St. Charles Hosp.*, 86 AD2d 594; *Harris v Brooklyn Hosp.*, 81 AD2d 658). The excuses offered by the defaulting party (i.e., substitution of attorneys during the course of the action, necessitating transmittal of the file, removal of substituted counsel's law office to a new location, causing disruption of his practice; and failure of the substituted counsel's secretary to forward the check as directed) may all be classified as law office failure. While such failure no longer precludes relief from a default as a matter of law (CPLR 2005; *Schicchi v Green Constr. Corp.*, 100 AD2d 509; *Eldre Components v Comten, Inc.*, 97 AD2d 940), it was nevertheless an improvident exercise of discretion to have relieved plaintiff of her default in this case. Plaintiff's failure to serve a bill of particulars for almost one year from the date of the demand, coupled with her noncompliance with numerous conditional orders during that period, cannot be excused on the basis of the reasons offered (*Amodeo v Radler*, 89 AD2d 594, affd 59 NY2d 1001; *Hargett v Health & Hosps. Corp.*, 88 AD2d 633). Accordingly, the order relieving plaintiff of the conditional preclusion order of May 13, 1982 (Kelly, J.), which thereafter became absolute by reason of plaintiff's failure to serve a bill within the time specified therein, must be reversed, and plaintiff must be precluded from offering evidence at trial of the matters of which particulars were not given. ¶ Turning next to appellants' cross motion for summary judgment, we note that summary judgment is a proper remedy where an order of preclusion prevents a party from proving a cause of action (*Myoung Goo Lee v Moley*, 97 AD2d 787). However, we are unable to determine from the record in this case whether the preclusion order entered against plaintiff deprived her of the ability to establish a prima facie case. Therefore, we vacate the judgment entered August 6, 1982 which dismissed the complaint as against appellants, and we remit the matter to Special Term for consideration of appellants' cross motion for summary judgment in light of our determination herein. Bracken, J. P., Weinstein, Rubin and Boyers, JJ., concur.