■ ANDREW P. MARIANI et al., Appellants, v PHILIP R. FLEISHMAN et al., Respondents.—In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated August 30, 1988, which granted the defendants' motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs' failure to respond to the defendants' demand for a bill of particulars and notice for discovery and inspection prompted the defendants to move to preclude the plaintiffs from offering any evidence at trial on the particulars not served. This unopposed motion was granted unless the plaintiffs responded to the demand and notice within 30 days of service of a copy of the order with notice of entry. Upon the plaintiffs' failure to meet this condition, the defendants moved for summary judgment on the theory that the plaintiffs were now precluded from offering at trial most of the evidence vital to their causes of action. In opposition to this motion, the plaintiffs submitted affidavits tending to establish that they received neither the notice of motion to preclude nor the conditional order of preclusion. Service of both by mail had been established by affidavits of service. The court initially held the motion in abeyance and gave the plaintiffs 60 days within which to submit an affidavit attesting to the merit of their causes of action. Upon the expiration of this period and the court's refusal to grant the plaintiffs a further extension, summary judgment was awarded to the defendants. This appeal ensued.

In order to avoid the adverse impact of an order of preclusion, the interested party must establish both a reasonable excuse for its default and a meritorious claim (*White v Leonard,* 140 AD2d 518; *Dugan v Glass,* 133 AD2d 97; *Bailey v North Shore Univ. Hosp.,* 91 AD2d 967, *affd* 59 NY2d 748). While the plaintiffs have arguably established a reasonable excuse for their default in answering the notice of motion to preclude and in failing to comply with the conditional order of preclusion, they have not even attempted to establish the meritorious nature of their claims. Thus, the court did not improvidently exercise its discretion in awarding the defendants summary judgment (*see, Gass v Gass,* 101 AD2d 849; *Myoung Goo Lee v Moley,* 97 AD2d 787). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.