■ EDWARD VANEK, JR., Respondent, v MERCY HOSPITAL et al., Appellants, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, the defendants Anthony D. Horvath and Mercy Hospital separately appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated November 1, 1988, which, *inter alia,* granted the plaintiff's motion to vacate a conditional order of preclusion and denied the defendants' respective cross motions for summary judgment dismissing the complaint.

Ordered that the order is modified (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was to vacate the conditional order of preclusion insofar as it relates to the defendant Mercy Hospital and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the defendant Mercy Hospital's cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed on condition that the plaintiff's attorneys personally pay $1,000 to the defen-

dant Anthony D. Horvath within 20 days after service upon them of a copy of this decision and order with notice of entry; in the event that the condition is not complied with, the order is reversed, as a matter of discretion, with costs, the cross motions are granted, and the complaint is dismissed in its entirety.

In order to avoid the adverse impact of an order of preclusion, the party seeking vacatur must establish both a reasonable excuse for the default and a meritorious claim *(see, Mariani v Fleishman,* 160 AD2d 911; *White v Leonard,* 140 AD2d 518; *Dugan v Glass,* 133 AD2d 97).

A review of the record reveals that the plaintiff has demonstrated the existence of a meritorious cause of action against the defendant Dr. Anthony D. Horvath as well as a reasonable excuse for the 44-day delay in serving his bill of particulars. There is no indication that the plaintiff ever intended to abandon his action, as evidenced by the fact that he promptly responded to various other discovery demands, nor did the defendant Horvath allege that he was prejudiced by reason of the delay *(see, Mathiesen v Desadora,* 132 AD2d 872; *Umlauf v County of Chautauqua,* 105 AD2d 1104; *Paoli v Sullcraft Mfg. Co.,* 104 AD2d 333). However, in view of the failure of the plaintiff's attorneys to comply with the conditional preclusion order, we deem it appropriate to require the plaintiff's attorneys to personally pay the sum of $1,000 to the defendant Horvath as a condition of affirming so much of the order appealed from as vacated the conditional order of preclusion and denied that defendant's motion for summary judgment *(see, Higgins v Community Hosp.,* 135 AD2d 607).

We find that the Supreme Court improvidently exercised its discretion in vacating the conditional order of preclusion insofar as it relates to the defendant Mercy Hospital since the plaintiff did not demonstrate the existence of a meritorious claim against this defendant. Specifically, the affidavit of merit submitted by the plaintiff's medical expert failed to allege sufficient facts to support the conclusion that the defendant hospital may be held accountable for the injuries allegedly sustained by the plaintiff. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.