■ BENDER & BODNAR, Appellant, v MARION NANKIN, Respondent.—In an action to recover legal fees, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered September 11, 1990, as denied its cross motion for a final order of preclusion pursuant to CPLR 3126 dismissing the defendant's counterclaim.

Ordered that the order is reversed insofar as appealed from,

as a matter of discretion, with costs, and the plaintiff's cross motion for a final order of preclusion dismissing the defendant's counterclaim is granted.

The plaintiff law firm commenced this action to recover its fee for services provided to the defendant in connection with her matrimonial action. The defendant interposed a counterclaim for damages based on an allegation of legal malpractice. The plaintiff served interrogatories with respect to the defendant's counterclaim in March 1989. Upon the defendant's failure to answer the interrogatories, the plaintiff moved in June 1989 for an order of preclusion. Thereafter, the court issued a conditional order of preclusion which directed the defendant to answer the plaintiff's interrogatories within 20 days. The defendant filed a notice of appeal and obtained a stay pending determination of her appeal. However, the appeal was subsequently dismissed due to her failure to timely perfect it. The plaintiff cross-moved for a final order of preclusion when the defendant failed to answer the interrogatories for over 60 days after her appeal was dismissed. The court denied the plaintiff's motion when the defendant served the answers to the interrogatories a month later. We now reverse.

In order to avoid the adverse impact of an order of preclusion, the affected party must establish both a reasonable excuse for its default and a meritorious claim (see, Donovan v Getty Petroleum Corp., 174 AD2d 706; Mariani v Fleishman, 160 AD2d 911). We find that the defendant failed to demonstrate a reasonable excuse for the delay, as the record refutes the belated claim by her attorney that the interrogatories could not be answered without certain information in the plaintiff's possession. Even if we were to find that the defendant provided a reasonable excuse for the delay, she made no attempt to establish that her counterclaim has merit. Accordingly, it was an improvident exercise of discretion to deny the plaintiff's motion to strike the defendant's counterclaim (see, e.g., Vanek v Mercy Hosp., 162 AD2d 680; Mariani v Fleishman, supra; Pomerantz v Long Is. Paneling Co., 150 AD2d 665). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.