■ ANDREW PETERSON et al., Respondents, v SCANDURRA TRUCKING Co., INC., Appellant, et al., Defendants. [642 NYS2d 540] —In an action to recover damages for personal injuries, etc., the defendant Scandurra Trucking Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 3, 1995, as amended by a subsequent order of the same court, dated December 13, 1995, as granted the plaintiffs' motion to vacate their default.

Ordered that the order dated May 3, 1995, as amended, is reversed insofar as appealed from, as a matter of discretion, with costs, and the plaintiffs' motion to vacate their default is denied.

Under the circumstances of this case, we find that the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion to vacate their default. Our review of the record reveals that the proffered excuse of law office failure was not a reasonable excuse for the plaintiffs' default (*see,* CPLR 2005; *Correa v Ahn,* 205 AD2d 575; *American Sigol Corp. v Zicherman,* 166 AD2d 628, 629; *Gass v Gass,* 101 AD2d 849). Moreover, the plaintiffs failed to adequately demonstrate that their claim has merit. The injured plaintiff's affidavit of merit

failed to set forth evidentiary facts and contained only conclusory assertions (*see, Starr Block Co. v Tedesco,* 146 AD2d 692, 693). Additionally, the plaintiffs' complaint and bill of particulars were verified by their attorney, not by a person with personal knowledge (*see, Terranova v Gallagher Truck Ctr.,* 121 AD2d 621). Since the plaintiffs failed to establish both a reasonable excuse for the default and a meritorious claim, the motion to vacate their default should have been denied (*see generally, Putney v Pearlman,* 203 AD2d 333; *Fennell v Mason,* 204 AD2d 599; *Schiavetta v McKeon,* 190 AD2d 724).

In light of our determination, we need not address the appellant's remaining contention. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.