■ SHELDON R. RAPHAEL et al., Respondents, v MYRON COHEN et al., Appellants. (And a Second Action.) — Appeals by defendants in Action No. 1 from an order of the Supreme Court, Westchester County (Gurahian, J.), dated January 19, 1981, which, *inter alia,* granted plaintiffs' motions to deem the bill of particulars timely served and to consolidate two actions brought by the plaintiffs and denied defendants' cross motion, *inter alia,* for summary judgment. Order reversed on the law, with $50 costs and disbursements, plaintiffs' motions are denied, defendants' cross motion is granted and summary judgment is awarded to defendants in Action No. 1. Plaintiffs failed to make timely service of their bill of particulars in accordance with a conditional order of preclusion. The only excuse set forth in the record is law office failure and negligence. Even though the plaintiffs may have a meritorious case, there must be a reasonable excuse for failure to comply with a preclusion order. Law office failure alone is insufficient to constitute such an excuse. Special Term was incorrect in deeming the bill of particulars to be timely served in the face of more than nine months of delay, explained only by a law office failure. Defendants need not show prejudice from the delay. (See *Barasch v Micucci,* 49 NY2d 594; *Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center,* 81 AD2d 658; cf. *Shillingford v Eckert,* 80 AD2d 890, 891.) Accordingly, the defendants in Action No. 1 are entitled to summary judgment. Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.

■ REISSHOLD DEVELOPERS, INC., Respondent, v ARTHUR WALKILL CORP., Defendant, and CITIBANK, N. A., Appellant. — In an action for a declaratory judgment, defendant Citibank, N. A., appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated June 10, 1981, which denied its motion for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, motion for summary judgment granted, and it is declared that the agreement in question does not provide for a credit against, or reduction of, plaintiff's indebtedness of the mortgage principal. The modification agreement in question is unambiguous and complete. It is susceptible to unequivocal interpretation on its own terms, leaving no questions of fact on the record. The underlying agreements make it clear that the credits of $517 for each of the first 90 sewer connections are credits against the release price and are not credits against the mortgage principal. Summary judgment for Citibank, N. A., is thus appropriate. (See *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291.) Gulotta, J. P., Thompson, Brown and Niehoff, JJ., concur.