■ Stephen Schicchi, Appellant, v J. A. Green Construction Corp., Respondent. — In an action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Kings County (Pino, J.), dated February 9, 1982, granting defendant's motion for summary judgment dismissing plaintiff's complaint and denying plaintiff's motion to vacate an order of preclusion; (2) as limited by his brief, from so much of an order of the same court, dated March 15, 1982, as upon reargument, adhered to its original determination; (3) from a decision of the same court, dated June 11, 1982, which stated that plaintiff's motion for a default judgment based upon defendant's failure to answer his second complaint should be denied and the complaint dismissed; and (4) from an order of the same court, dated July 16, 1982, entered on that decision. ¶ Appeal from the order dated February 9, 1982 dismissed. That order was superseded by the order dated March 15, 1982, made upon reargument. ¶ Appeal from the decision dismissed. No appeal lies

from a decision. ¶ Order dated July 16, 1982 affirmed and order dated March 15, 1982 affirmed insofar as appealed from. ¶ Defendant is awarded one bill of costs. ¶ This action was initially commenced in July, 1979 to recover for personal injuries allegedly sustained when plaintiff fell on a walkway owned and maintained by defendant. Defendant answered on or about August 6, 1979, and also demanded a verified bill of particulars at that time. Plaintiff failed to comply with the demand. By notice of motion dated February 23, 1981, defendant sought an order precluding plaintiff from introducing at trial any evidence concerning the subject of defendant's demand. The motion was conditionally granted with plaintiff being afforded an additional opportunity to comply. This period was further extended by stipulation of the parties. After the expiration of the period agreed to, defendant moved for summary judgment dismissing the complaint based upon the conditional order of preclusion. Plaintiff, on the other hand, moved to vacate the preclusion order. By order dated February 9, 1982, Special Term denied plaintiff's application to vacate the order of preclusion and, instead, granted defendant's motion for summary judgment in favor of defendant. Thereafter, plaintiff's motion for leave to reargue was granted but the court adhered to its original determination. ¶ While plaintiff's motion to vacate the preclusion order was still pending, plaintiff had caused to be served upon defendant, on or about December 23, 1981, a second summons and complaint which were identical to the originals. Defendant's answer was not served until January 26, 1982. It asserted, as affirmative defenses, *res judicata* and collateral estoppel. By notice of motion dated February 3, 1982, plaintiff moved for the entry of a default judgment based upon defendant's failure to timely answer the second complaint. Special Term denied said motion and dismissed plaintiff's second complaint based upon the order of preclusion, which, the court held, was still viable. In our view, this conclusion was entirely proper inasmuch as the two complaints served by plaintiff were identical. Thus, the order granting summary judgment in the prior action constituted "a [determination] on the merits of the plaintiff['s] claims, and is therefore entitled to *res judicata* effect" in order to prevent plaintiff from circumventing the preclusion decree (see *Barrett v Kasco Constr. Co.,* 84 AD2d 555, 556, affd 56 NY2d 830; *Strange v Montefiore Hosp. & Med. Center,* 59 NY2d 737; *Cebron v McBride Dev. Corp.,* 93 AD2d 876). ¶ It is well settled that a party seeking to avoid the enforcement of a preclusion order must exhibit a reasonable excuse for the failure to comply with its terms (*Hargett v Health & Hosps. Corp.,* 88 AD2d 633; *Raphael v Cohen,* 87 AD2d 815; *Harris v Brooklyn Hosp.,* 81 AD2d 658). In the instant case, the explanation proffered by plaintiff's attorney of record for his failure to serve a bill of particulars within the allowable time amounts essentially to law office failure. He claimed that he served a bill of particulars on or about December 2, 1981, some 28 months after the initial demand therefor, and that the reason for the delay was "that this case was being handled on behalf of plaintiff by a number of different attorneys, one of whom apparently became over-come with his case load and allowed this case to fall into a state of disorder". Allegedly, he had been "assured by an attorney who was acting in an of-counsel capacity that the matter was being handled and that a preclusion order would not be entered". Plaintiff's case file was retrieved by him only after the court-ordered deadline for service of the bill of particulars, which was extended by stipulation of the parties (with him signing on his client's behalf) had expired. Furthermore, the record indicates that counsel's initial attempt to retrieve the file was by letter of June 9, 1981, approximately one month after the granting of the conditional order of preclusion. It is evident that he remained in control of the proceedings and was responsible therefor as plaintiff's attorney of record. Plaintiff is therefore bound by the actions of his attorney. ¶ "Recent amendments to the

CPLR (see CPLR 2005, 3012, subd [d], added L 1983, ch 218), do not sanction conduct which demonstrates an intent to abandon the action nor do they excuse all instances of law office failure" (*Zaldua v Metropolitan Suburban Bus Auth.*, 97 AD2d 842, 843). In recent decisions, this court has unequivocally noted that it does not view the afore-mentioned amendments as suggesting that there is no need to comply with the time requirements of the CPLR. It has therefore fixed appropriate sanctions as conditions to vacating defaults (*Robinson v USAA Cas. Ins. Co.*, 97 AD2d 837; *Tehan v Tehan*, 97 AD2d 840; *Mineroff v Macy's & Co.*, 97 AD2d 535). Under the circumstances of this case, an outright dismissal of the complaint was deemed a more appropriate remedy than the imposition of sanctions. ¶ The excessive length of the delay in responding to defendant's demand for a bill of particulars was an indication on plaintiff's part of an intent to abandon the claim. In view of plaintiff's failure to set forth a sufficient excuse for his default, it was not an abuse of discretion to have denied plaintiff relief and to have held in favor of defendant. Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.