■ SHELDON R. RAPHAEL et al., Respondents, v MYRON COHEN et al., Appellants. (And a Second Action.) — Appeals by defendants in action No. 1 from an order of the Supreme Court, Westchester County (Gurahian, J.), dated January 19, 1981, which, *inter alia,* granted plaintiffs' motions to deem the bill of particulars timely served and to consolidate two actions brought by the plaintiffs and denied defendants' cross motion, *inter alia,* for summary judgment. By order dated April 5, 1982, this court reversed the order appealed from, denied plaintiffs' motions, granted the cross motion, and awarded judgment to the defendants in action No. 1 (*Raphael v Cohen,* 87 AD2d 815). By order dated May 3, 1984, the Court of Appeals reversed the order of this court and remitted the matter for the "exercise of * * * discretion" (*Raphael v Cohen,* 62 NY2d 700, 701).

Order dated January 19, 1981, affirmed, without costs or disbursements, on condition that within 30 days after service upon plaintiffs' counsel of a copy of the order to be made hereon, with notice of entry, they personally pay to defendants the total

sum of $1,000. In the event plaintiffs' counsel fail to comply with this condition, order reversed, as a matter of discretion, with costs, motions denied, cross motion granted, and summary judgment awarded to defendants in action No. 1.

This court's original memorandum concluded that the excuse proffered by plaintiffs for failing to timely serve their bill of particulars in accordance with a conditional order of preclusion amounted to no more than law office failure (*Raphael v Cohen*, 87 AD2d 815, *supra*). Thereafter CPLR 2005 was enacted to empower the courts, under appropriate circumstances, to exercise discretion in the interest of justice to excuse delay or default resulting from law office failure (CPLR 2005, added L 1983, ch 318, eff June 21, 1983). Pursuant to that enactment, we determine that plaintiffs' default should be excused in accord with the long-established public policy that actions should be resolved on their merits (*Mineroff v Macy's & Co.*, 97 AD2d 535, 536). Although plaintiffs failed to serve their bill of particulars in accordance with a conditional order of preclusion because of law office failure, the defendants suffered no prejudice as a result thereof. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.