■ FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Appellant, v 1220 RICHMOND ROAD CORP. et al., Respondents, et al., Defendants.—In a mortgage foreclosure action, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sullivan, J.), dated November 21, 1984, as granted the motion of the defendants 1220 Richmond Road Corp. and Santina M. Coscia for leave to serve and file late answers to the plaintiff's interrogatories.

Order reversed insofar as appealed from, on the law and the facts, with costs, and motion denied.

On July 25, 1984, the plaintiff served a set of interrogatories upon the defendant 1220 Richmond Road Corp. The interrogatories were to be answered within 15 days pursuant to CPLR former 3134 (b). The defendant 1220 Richmond Road Corp. failed to timely answer the interrogatories or move to strike any of the interrogatories pursuant to CPLR 3133. On August 22, 1984, the plaintiff moved, *inter alia,* to strike the joint answer of the defendants 1220 Richmond Road Corp. and Santina M. Coscia due to their failure to answer the interrogatories. The defendants defaulted on this motion. By order dated September 11, 1984, Special Term (Radin, J.), granted the plaintiff's motion unless the defendant's responded to the interrogatories within 30 days after service of a copy of the order, with notice of entry, upon the defendants' attorney. The defendants were served with a copy of the order on September 21, 1984. Again, the defendants failed to comply within the relevant time requirements. Instead, they waited until November 8, 1984, when they moved, by order to show cause, for leave to serve and file a late set of answers to the interrogatories.

In support of the motion, counsel proffered the following excuses for not timely complying with the conditional order of preclusion: "heavy schedule, lack of cooperation, misfiling of documents, poor response time to your affiant's requests, the outstanding bill for services, and partial law office failure."

In conclusory fashion, both counsel and the defendant Santina M. Coscia stated in their respective affidavits that the defendants had meritorious defenses. The proposed answers to the interrogatories were annexed to the defendants' moving papers, were unverified, and were prepared by the defendants' attorney.

Special Term, by order dated November 21, 1984, granted the defendants' motion on condition that "separate answers to the interrogatories to each defendant [were] provided plaintiff within ten (10) days" of the date of the order. The motion should have been unconditionally denied.

It is well settled that in order to be relieved of a failure in complying with a conditional order of preclusion, the moving party must demonstrate a reasonable excuse for its failure to comply and must show, in evidentiary form from a party with personal knowledge of the facts, that a meritorious cause of action or defense exists *(see, Riley v Makowski,* 92 AD2d 664; *Hargett v Health & Hosps. Corp.,* 88 AD2d 633; *Raphael v Cohen,* 87 AD2d 815, *revd on other grounds* 62 NY2d 700).

In the case at bar, the attorney for the defendants 1220 Richmond Road Corp. and Santina M. Coscia proffered excuses, such as his clients' lack of cooperation and examples of law office failure which have traditionally been rejected by the courts, to wit, "heavy schedule * * * misfiling of documents", which were clearly unreasonable *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509).

Furthermore, the conclusory statements of the attorney and the defendant Coscia regarding the merits of the action were insufficient to establish a meritorious defense *(see, Hargett v Health & Hosps. Corp., supra).* The unverified answers to the interrogatories, although prepared by counsel and not the defendant Coscia, may be considered by the court since they were based on documentary evidence annexed thereto *(see, Weingarten v Marcus,* 118 AD2d 640; *Zuckerman v City of New York,* 49 NY2d 557). However, a review of that documentary evidence fails to reveal a valid defense to the causes of action asserted in the plaintiff's complaint. Mangano, J. P., Weinstein, Eiber and Spatt, JJ., concur.