■ In the Matter of KELLY F. and Another. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES F., Appellant.—In related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Dutchess County (Bernhard, J.), entered November 16, 1989, which dismissed his *pro se* motion to dismiss certain of the petitions, (2) an order of the same court, also entered November 16, 1989, which dismissed his cross petitions for visitation, (3) two orders of the same court, both entered November 16, 1989, which sustained certain of the petitions and suspended his visitation rights, (4) two decisions of the same court, also entered November 16, 1989, which extended the placement of the children in foster care, (5) an order of the same court, also entered November 16, 1989, which, after a fact-finding hearing, found that the appellant had abused the children, (6) an order of the same court, entered February 5, 1990, which, *inter alia,* placed the children in the custody of the Dutchess County Department of Social Services, (7) an order of the same court, also entered February 5, 1990, which found that he had violated an order of protection, (8) a dispositional order of the same court, also entered February 5, 1990, which, *inter alia,* directed that the appellant undergo therapy, and (9) an order of the same court, also entered February 5, 1990, which found that the mother had violated an order of protection.

Ordered that appeals from the decisions are dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered February 5, 1990, which found that the mother had violated an order of protection is dismissed, without costs or disbursements (see, CPLR 5511); and it is further,

Ordered that the remaining orders are affirmed, without costs or disbursements.

The appeals from the decisions must be dismissed because

no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509).

With respect to the orders which aggrieve the appellant, we note that, contrary to the father's contentions herein, the out-of-court statements made by his twin daughters concerning the alleged abuse were sufficiently corroborated within the meaning of Family Court Act § 1046 (a) (vi) *(see, Matter of Nicole V.,* 71 NY2d 112). We also reject the appellant's contention that the evidence at the fact-finding hearing was insufficient to support the court's findings. There was substantial medical evidence that established that the twin sisters' vaginal and rectal openings were enlarged *(see, e.g., Matter of Laura W.,* 160 AD2d 585). Further corroboration was provided by the validation testimony of a social worker and a therapist that the girls' behavioral symptoms, exhibited during therapy sessions, including age-inappropriate knowledge of sexual behavior manifested verbally and in play activities, evidenced post-traumatic stress syndrome as a result of sexual abuse *(see, Matter of Nicole V.,* 123 AD2d 97, 108, *affd* 71 NY2d 112, 121-122, *supra).* The overwhelming evidence showed that appellant violated an order of protection and subjected his daughters to several incidents of sexual molestation and abuse. Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.