■ EILEEN SCHUSSLER, Respondent, v GEORGE SCHUSSLER, Appellant. [599 NYS2d 1015] —In a matrimonial action in which the parties were divorced by a judgment entered April 1, 1984, the defendant former husband appeals, (1) as limited by his brief, from a decision of the Supreme Court, Nassau County (McCabe, J.), dated February 1, 1990, which, inter alia, gave

physical custody of his daughter Miriam to the plaintiff former wife and increased his child support obligations, (2) from an order of the same court entered May 14, 1991, upon that decision, and (3), as limited by his brief, from stated portions of an order of the same court, entered March 27, 1991, which, *inter alia,* altered the conditions of visitation involving his son Benjamin and failed to take disciplinary action against the plaintiff's attorney.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order entered May 14, 1991, is dismissed as academic insofar as it involves the issue of custody; and it is further,

Ordered that the order entered May 14, 1991, is otherwise affirmed; and it is further,

Ordered that the order entered March 27, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The question of the Supreme Court's custody determination with respect to the parties' daughter Miriam is academic, as she has reached the age of majority *(see, Kahn v Kahn,* 271 App Div 788).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.