■ ALICE CLISSURAS, Appellant, v CONCORD VILLAGE OWNERS, INC., et al., Respondents. [620 NYS2d 116] —In an action to recover damages, inter alia, for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Held, J.), dated March 19, 1991, which granted her motion for

a protective order, (2) from an order of the same court dated April 5, 1991, which vacated the order dated March 19, 1991, granting the plaintiff a protective order, (3) from a decision of the same court (Yoswein, J.), dated August 22, 1991, which directed the parties to settle an order embodying the court's determination, *inter alia*, of the plaintiff's motion for judgment in her favor upon the defendants' alleged default in answering, or in the alternative, for a protective order, (4) from an order of the same court, dated January 27, 1992, which, *inter alia*, denied the plaintiff's motion for leave to enter a judgment upon the defendants' default in answering and directed her to respond to the defendant's demand for a bill of particulars, (5) as limited by her brief, from so much of an order of the same court, dated February 19, 1992, as, upon granting reargument of her motion for leave to enter a default judgment which was determined by the order dated January 27, 1992, granted the motion only to the extent of directing the defendants to submit a newly verified answer, (6) as limited by her brief, from so much of an order of the same court, dated July 17, 1992, as denied her renewed motion for leave to enter judgment against the defendants upon their default in answering, and (7) as limited by her brief, from so much of an order of the same court, dated January 5, 1993, as denied her motion for reargument of her renewed motion for leave to enter a default judgment which was determined by the order dated July 17, 1992, and granted the defendants' cross motion to deem service of their verified answer on July 17, 1992, sufficient.

Ordered that the appeal from the order dated March 19, 1991, is dismissed; and it is further,

Ordered that the appeal from the decision dated August 22, 1991, is dismissed as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated January 27, 1992, is dismissed as that order was superseded by the order dated February 19, 1992, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated January 5, 1993, as denied the plaintiff's motion for reargument is dismissed, as no appeal lies from an order denying reargument, and the order is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 5, 1991, is affirmed; and it is further,

Ordered that the orders dated February 19, 1992, and July 17, 1992, are affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the order dated March 19, 1991, is dismissed. That order granted the plaintiff's motion pursuant to CPLR 3103 for a protective order. Therefore, she is not aggrieved thereby. Moreover, by order dated April 5, 1991, the Supreme Court vacated the order dated March 19, 1991.

The Supreme Court properly exercised its discretion in denying the plaintiff's motions for leave to enter a default judgment and in granting the defendants' cross motion compelling her to accept their fourth answer. The plaintiff failed to establish that she was in any way prejudiced by the defendants' initial failure to provide a properly verified answer pursuant to CPLR 3020 (d) (1).

We have reviewed the plaintiff's remaining contentions and conclude that they are without merit.

Finally, we note that the appellant's statement pursuant to CPLR 5531 states that she also appeals from an order of the Supreme Court, Kings County, dated June 14, 1993, and two further orders of the same court, both dated June 25, 1993. The appellant, however, failed to include a notice of appeal from those orders in her appendix and the purported appeals therefrom have not been considered. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.