■ ZELJKO VESLIGAJ, Appellant, v PMT FORKLIFT CORPORATION, Defendant, and NISSAN MOTOR CORPORATION IN U.S.A.,

Respondent. (And Two Third-Party Actions.) [624 NYS2d 54] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a decision of the Supreme Court, Suffolk County (Floyd, J.), dated January 19, 1993, made after a hearing to determine the validity of the service of process upon Nissan Motor Corporation in U.S.A., s/h/a Nissan Motor Co., U.S.A., Inc., and (2) an order of the same court, dated April 2, 1992, which granted the motion of the defendant Nissan Motor Corporation in U.S.A., s/h/a Nissan Motor Co., U.S.A., Inc., to dismiss the complaint insofar as it is asserted against it.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant Nissan Motor Corporation in U.S.A. (hereinafter Nissan USA) proved that it had nothing to do with the design, assembly, manufacture, sale, or distribution of the forklift that had allegedly injured the plaintiff. Thus, it was not a proper party to this action, and the complaint, insofar as it is asserted against it, was properly dismissed.

The plaintiff failed to acquire personal jurisdiction over the forklift's manufacturer, Nissan Motor Co., Ltd. (hereinafter Nissan Ltd.), a Japanese corporation with offices located in Tokyo, Japan. Mere service of a summons and complaint on Nissan USA, a regional branch of a California subsidiary of Nissan Ltd., was wholly inadequate to confer personal jurisdiction over a foreign parent company not authorized to do business in New York (see, Business Corporation Law § 307; Stewart v Volkswagen of Am., 81 NY2d 203). Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.