■ GREATER NEW YORK SAVINGS BANK, Respondent, v JOSEFA SANROMAN, Appellant, et al., Defendants, and IRVIN D. GOODSTEIN, Respondent. [631 NYS2d 73] —In an action to foreclose a mortgage, the defendant Josefa Sanroman appeals from (1) a decision of the Supreme Court, Queens County (Posner, J.), dated February 2, 1994, which determined that the receiver, *inter alia*, was to receive all of the proceeds due under a fire insurance policy covering the property sought to be foreclosed, and (2) an order of the same court, dated March 2, 1994, entered thereon, which, *inter alia*, granted the motion of the receiver for leave to settle his claim against Atlantic Mutual Insurance Company and found that the plaintiff retained an interest in the property and was the proper loss payee.

■ GREATER NEW YORK SAVINGS BANK, Respondent, v JOSEFA SANROMAN, Appellant, et al., Defendants. [631 NYS2d 74] —In an action to foreclose a mortgage, the defendant Josefa Sanroman appeals, as limited by her brief, from stated portions of (1) a decision of the Supreme Court, Queens County (Posner, J.), dated June 27, 1994, which, *inter alia*, found that the plaintiff was entitled to a deficiency judgment, if any, to the extent of any proceeds recovered by her from Merchants Mutual Insurance Company and Atlantic Mutual Insurance Company, and (2) a judgment of the same court, dated August 23, 1994, entered upon the decision.

Ordered that the appeal from the decision is dismissed, as no

appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509)*; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, and the branch of the plaintiff's motion which was for a deficiency judgment to the extent of any proceeds recovered by the defendant Josefa Sanroman from Merchants Mutual Insurance Company and Atlantic Mutual Insurance Company is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The mortgage note in this case provides, in part, that the plaintiff, as mortgagee, would not seek to enforce any deficiency remaining after the foreclosure of the mortgage. Thus, pursuant to the terms of the mortgage note, the plaintiff relinquished its right to recover a deficiency judgment after it foreclosed the mortgage.

We have examined the parties' remaining contentions and find that they are without merit. Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.