■ WHISPER CONCRETE CUTTING OF N. Y., INC., Respondent-Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, et al., Appellants-Respondents, et al., Defendant. [640 NYS2d 783] —In an action to recover payment under a labor and material payment bond, the defendants Firemen's Insurance Company of Newark, New Jersey, and Bib Construction Co., Inc., appeal (1) from a decision of the Supreme Court, Dutchess County (Jiudice, J.), entered December 16, 1994, which determined the plaintiff's motion for summary judgment and their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them and (2) an order and judgment (one paper) of the same court dated March 29, 1995, which denied their cross motion for summary judgment and is in favor of the plaintiff and against them in the principal amount of $51,585.06. The plaintiff cross-appeals, on the ground of inadequacy, from so much of the order and judgment as is in its favor and against the defendants Firemen's Insurance Company of Newark, New Jersey, and Bib Construction Co., Inc., in the principal amount of only $51,585.06.

Ordered that the appeal from the decision is dismissed since no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is modified, on the facts, by deleting therefrom the sum of $51,585.06, and substituting therefor the sum of $62,727.56; as so modified, the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

There is no merit to the appellants-respondents' contention that the plaintiff's action was time barred since the relevant limitations period set forth in State Finance Law § 137 (4) (b) was tolled (*see,* CPLR 205).

Likewise, there is no merit to the appellants-respondents' contention that the Supreme Court erroneously granted the plaintiff's motion for summary judgment. The plaintiff established its entitlement to judgment as a matter of law, and the appellants-respondents failed to raise any triable issues of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). However, the court should have awarded the plaintiff the full amount that it sought to recover because the plaintiff proved its entitlement to that amount.

The parties' remaining contentions lack merit. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.