■ ANNE S. JERMAKIAN, Respondent, v ARMEN K. JERMA-KIAN, Appellant. [647 NYS2d 838] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Fredman, J.), entered August 28, 1990, which, *inter alia,* awarded counsel fees and denied his application for certain discovery, (2) from a decision of the same court dated March 23, 1995, and (3) from stated portions of a judgment of the same court entered May 23, 1995, which, *inter alia,* determined that certain property located in Secaucus, New Jersey, was marital property, directed that it be sold, and directed that 75% of the net proceeds be distributed to the plaintiff wife and the balance to the defendant husband.

Ordered that the appeal from the order is dismissed as abandoned; and it is further,

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,*100 AD2d 509); and it is further,

Ordered that the judgment is modified on the facts and as an exercise of discretion by deleting the fifth, sixth, seventh and eighth decretal paragraphs thereof, and substituting therefor (1) a provision making a distributive award to the plaintiff in the sum of $20,000, payable by the defendant, and (2) a provision declaring that the plaintiff has no right, title, or interest in and/or to the Secaucus condominium; as so modified the judgment is affirmed, with costs to the defendant; the defendant's time to pay the distributive award of $20,000 to the plaintiff is extended until 60 days after service upon him of a copy of this decision and order with notice of entry.

The parties were married on May 6, 1977, and the defendant left the marital residence in August 1982 for the last time, having previously absented himself for periods of days, weeks, and even months prior thereto. The plaintiff sued for divorce in January 1983 and issue was joined in April 1983. An eight-day trial commenced on September 18, 1990, and concluded April 19, 1991. Both of the parties, as well as the plaintiff's mother, testified. Over seventy exhibits were admitted into ev-

idence. The husband's principal claim on appeal is that, on this record, the plaintiff has demonstrated no interest in a condominium in Secaucus, New Jersey, which the defendant contends he acquired solely with his premarital property and to which the plaintiff purportedly never contributed.

We agree with the defendant's contention that the trial court's finding that the plaintiff made the monthly payments towards the Secaucus condominium is not supported by the record. The record shows that the defendant made those payments, even though the plaintiff may have loaned him some money, and the award to the plaintiff of an interest in that property was improper. However, the court correctly found that the plaintiff did pay most of the marital expenses throughout the entire course of this relatively short marriage including the moneys due on the parties' marital residence, a condominium in White Plains, New York, which amount came to $9,600 per year. However, since that condominium was jointly owned by the plaintiff and her mother, only $4,800 of the condominium's yearly charges are properly considered as marital expenses with the remainder properly attributable to the plaintiff's mother's equity therein. Further, although the parties failed to present evidence as to the specific amounts which were expended on their other marital expenses, such as food, utilities, etc., we hold that, overall, the record supports a finding that such marital expenses totaled at least $3,200 per year, a good part of which were paid solely by the plaintiff. This brings the plaintiff's expenditures for marital expenses to $8,000 ($4,800 plus $3,200) per year.

In this relatively short marriage, where there were no children and both parties worked outside the home, we find it was inequitable for the plaintiff to have paid most of the parties' marital expenses. Further, we find that these contributions by the plaintiff enabled the defendant to expend his own funds towards the payments made on the Secaucus condominium. Under all of the circumstances, the plaintiff is entitled to a distributive award in the sum of $20,000, consisting of $4,000 per year for each of the five years of this marriage, that being one-half of the total supportable marital expenses of $8,000 a year.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Altman, Hart and Florio, JJ., concur.