■ MARYLAND NATIONAL BANK, Respondent, v CENTERPORT YACHT SALES, INC., et al., Defendants, and STEVEN OCHS et al., Appellants. [686 NYS2d 720] —In an action to recover on a revolving loan note and a guarantee, the defendants Steven Ochs, Harvey Vengroff, and Carol L. Vengroff appeal (1) from a decision of the Supreme Court, Suffolk County (Hall, J.), dated December 4, 1997, (2), as limited by their brief, from so much of an order of the same court, dated February 3, 1998, as granted the plaintiff's motion for summary judgment against them and fixed the amount of damages at $194,915.04, and (3) from a judgment of the same court, entered April 9, 1998, which is in favor of the plaintiff and against them in the principal sum of $194,915.04.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, the decision and order are vacated, and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The appellants are guarantors of a revolving credit loan note given by Maryland National Bank (hereinafter MNB) to Centerport Yacht Sales, Inc. (hereinafter CYS). The appellants were, at one point, shareholders and officers in CYS. The guarantee agreement stated that Maryland law would govern the agreement.

Although the appellants concede that judgment was entered against CYS on March 29, 1995, in the amount of $194,915.04, there are questions of fact as to whether the amount recoverable against CYS exceeded the amount which MNB was entitled to receive (*see, Grafflin v Maryland,* 103 Md 171, 63 A 373). Moreover, contrary to the Supreme Court's finding, there are factual issues as to whether MNB repossessed the boats

subject to financing and, therefore, was required to give notice to the appellants of the sale and proceed with the sale of the vessels in a commercially reasonable manner (*see,* Annotated Code of Md Commercial Law § 9-504; *Gambo v Bank of Md.,* 102 Md App 166, 648 A2d 1105). Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.