■ DALTON FRASER ENTERPRISES, INC., Doing Business as GALLOWAY HEALTHCARE EMPLOYMENT AGENCY, Respondent, v FAIRCHILD PROPERTIES, INC., Appellant, et al., Defendant. [767 NYS2d 851]—

In an action, inter alia, to recover damages for breach of contract, the defendant Fairchild Properties, Inc., appeals (1) from a decision of the Supreme Court, Westchester County (Barone, J.), dated September 25, 2002, and (2), as limited by its brief, from so much of a judgment of the same court entered October 1, 2002, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $30,136.35.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the complaint is dismissed insofar as asserted against the defendant Fairchild Properties, Inc., and the action against the remaining defendant is severed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court erred in directing the entry of a judgment against the appellant. The appellant was not a signatory to the subject contract. The corporation that signed the contract was an entity separate from the appellant. The plaintiff did not adduce evidence sufficient to warrant disregarding the appellant's separate incorporation under a corporate veil-piercing theory (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135 [1993]; TNS Holdings v MKI Sec. Corp., 92 NY2d 335 [1998]). Accordingly, the complaint should have been dismissed insofar as asserted against the appellant. Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.