■ In the Matter of ROBERT OLLIVIERRA, Appellant, v SUSAN FATEH, Respondent. [815 NYS2d 721]—

In a proceeding pursuant to Family Court Act article 6 and Domestic Relations Law article 5-A (Uniform Child Custody Jurisdiction and Enforcement Act), the father appeals from (1) a decision of the Family Court, Kings County (Silber, J.), dated March 3, 2005, and (2) an order of the same court also dated March 3, 2005, which granted the mother's motion to dismiss his petition for custody of the parties' child on the ground that the Family Court lacked subject matter jurisdiction.

Ordered that the appeal from the decision is dismissed,

without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Domestic Relations Law § 76 (initial child custody jurisdiction) provides in relevant part that: "1. Except as otherwise provided in section seventy-six-c of this title, a court of this state has jurisdiction to make an initial child custody determination only if: (a) this state is the home state of the child on the date of the commencement of the proceeding, *or was the home state of the child within six months before the commencement of the proceeding* and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (emphasis added).

There is no dispute that this custody proceeding was not commenced until three years after the parties' child moved from New York to Italy with the mother. Contrary to the father's contention, there was no applicable exception to the statutory six-month period. The father and mother were not married and the child lived with the mother from birth. At the time the mother left the country, the father had not filed a petition for custody and there were no court orders adjudicating him the legal father, awarding him custody or visitation, or prohibiting the mother from leaving New York with the child. Contrary to the father's contention, *Insanally v Insanally* (228 AD2d 251 [1996]), did not create an exception to the six-month statutory period for an unmarried parent who did not live with the child and had neither a court order granting him custody or visitation, nor a pending custody or paternity petition at the time of the child's removal. Therefore, the Family Court lacked subject matter jurisdiction.

The father's remaining contentions are without merit. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.