■ TOWN OF RYE, Respondent, v BERNARD ABEL, Appellant. [817 NYS2d 158]—In an action pursuant to Real Property Tax

Law article 4 to recover unpaid real property taxes and damages for fraud based on an invalid tax exemption, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered January 5, 2005, which granted the plaintiff's motion for summary judgment on its claim for damages in the sum of $11,834.70 and on the issue of liability on its claims for punitive damages and for an award of an attorney's fee, (2) a judgment of the same court dated January 11, 2005, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $11,834.70, (3) a decision of the same court dated March 25, 2005, and (4) a judgment of the same court dated March 31, 2005, which, upon the order and the decision, is in favor of the plaintiff and against him in the principal sum of $9,002.50.

Ordered that the appeals from the order and the decision are dismissed, without costs or disbursements; and it is further,

Ordered that the judgments are reversed, on the law, without costs or disbursements, the motion is denied, and the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the respective judgments in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgments (*see* CPLR 5501 [a] [1]).

The appeal from the decision must be dismissed because no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]).

In response to the plaintiff's prima facie showing that the defendant's primary residence was not in the Town of Rye, as he had alleged in his application for the School Tax Relief Exemption for his house in the Town of Rye, Westchester County, the defendant showed the existence of a factual question on this issue. Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment (*see Matter of Markham v Comstock,* 272 AD2d 971 [2000], *appeal dismissed* 95 NY2d 886 [2000], *cert denied* 531 US 1079 [2001]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.