In a guardianship proceeding pursuant to Family Court Act article 6, the intervenor Huntington Union Free School District appeals from (1) an order of the Family Court, Suffolk County (Kelly, J.), dated August 17, 2012, which, after a hearing, granted the petition of Maria E, the grandmother of the subject child, for guardianship of the subject child, and (2) a decision of the same court dated October 5, 2012.
*702 Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order is affirmed, without costs or disbursements.
When considering guardianship appointments, the infant’s best interests are paramount (see SCPA 1707 [1]; Matter of Stuart, 280 NY 245, 250 [1939]; Matter of Melissa B. v Dean S., 89 AD3d 1018, 1019 [2011]; Matter of Alexander N., 5 AD3d 776 [2004]; Matter of Amrhein v Signorelli, 153 AD2d 28, 31 [1989]). Here, the Family Court’s determination that the subject child’s best interests would be served by the appointment of the petitioner, who is the child’s maternal grandmother, as his guardian has a sound and substantial basis in the record (see Matter of Kaiser v Orange County Dept. of Social Servs., 34 AD3d 586, 587 [2006]; Matter of Pleasant Edward G., 299 AD2d 358, 359 [2002]; cf. Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]). The petitioner demonstrated, inter alia, that the child’s mother voluntarily surrendered the child to her care, such that she has served as his primary caretaker and has sheltered and financially supported the child since his birth in 2002.
The intervenor-appellant’s remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.