696 Grand Street, LLC, Appellant, 
against
Michael Hoffman, Respondent, -and- DAN SKINNER, Defendant.



Appeal from (1) a decision of the Civil Court of the City of New York, Kings County (Noach Dear, J.), dated June 10, 2014, and (2) a judgment of the same court entered June 23, 2014, deemed from an amended judgment of the same court entered June 23, 2014 (see CPLR 5512 [a]). The amended judgment, entered pursuant to the decision, after a nonjury trial, dismissed so much of the complaint as is against defendant Michael Hoffman.




ORDERED that so much of the appeal as is from the decision is dismissed, as no appeal lies from a decision (see CCA 1702; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510 [1984]); and it is further,
ORDERED that the amended judgment is affirmed, without costs.
In November 2013, plaintiff commenced this action against Michael Hoffman (defendant), who was plaintiff's former tenant, and Dan Skinner to recover unpaid rent and use and occupancy. Only defendant appeared and answered. Following a nonjury trial, the Civil Court entered judgment dismissing so much of the complaint as is against defendant and severed plaintiff's cause of action against Dan Skinner. An amended judgment was thereafter entered in defendant's favor. Plaintiff's appeal from the judgment is deemed to be from the amended judgment (see CPLR 5512 [a]). Plaintiff subsequently obtained a $30,623.91 default judgment against Dan Skinner.
A review of the record indicates that, insofar as plaintiff's first request for an adjournment, made immediately prior to the start of trial, was based on plaintiff's claim that it had a pending motion for summary judgment, the Civil Court did not improvidently exercise its discretion in denying that request, since, at the time the request was made, the motion had yet to be filed with the court and the case had been marked final for trial. In regard to the denial of plaintiff's alleged subsequent requests for adjournments during trial, we note that these requests are dehors the record on appeal and cannot be considered, since this court is limited to reviewing matters contained in the settled record (see Williams v 526 Flatbush Realty, LLC, 26 Misc 3d 142[A], 2010 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). 
At trial, defendant established that he was a month-to-month tenant at the time he had vacated the premises, that he had provided plaintiff with notice that he was vacating the premises, and that he had paid his rent, in full, through April 2012. Defendant also showed that he had returned the keys to the premises to plaintiff in April 2012. 
Accordingly, the amended judgment is affirmed. 
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: July 20, 2016