■ In the Matter of ALAN D. KROLL et al., Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH, Appellant, et al., Respondent. [39 NYS3d 183]—

In a proceeding pursuant to EPTL 10-6.6 (j) (1) for approval of the exercise of a power of appointment, the New York State Department of Health appeals (1) from a decision of the Surrogate's Court, Nassau County (McCarty III, S.), dated

September 30, 2013, and (2), as limited by its brief, from stated portions of a decree of the same court dated December 2, 2013, which, upon the decision, inter alia, dismissed its objections and granted the petition approving the exercise of the power of appointment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The petitioners in this case were the co-trustees of an irrevocable trust (hereinafter the original trust) created by Moses Ratowsky for the benefit of his grandson Daniel Schreiber (hereinafter the grandson). The trustees sought to appoint the principal of the original trust to a new supplemental needs trust that would allow the grandson to retain the benefits of the original trust while preserving his eligibility for Medicaid and other government benefits. The trustees commenced this special proceeding pursuant to EPTL 10-6.6 (j) (1) for approval of this exercise of their power of appointment.

The petition alleged that the grandson was an individual with certain disabilities who was 20 years old, received Medicaid and Social Security income, and lived at home with his mother and father. The petition recognized that, under the terms of the original trust, the grandson would have the right to withdraw all of the principal of the trust when he attained the age of 21.

The petition asserted that merely having the right to withdraw the principal of the original trust will cause the entire trust corpus to be considered an available resource, thereby disqualifying the grandson from receiving the above-mentioned government benefits. In order to avoid this result, the trustees sought the Surrogate's Court's approval, pursuant to EPTL 10-6.6, to exercise a power of appointment of assets from the original trust to a new trust, which would contain the same terms, conditions, beneficiaries, and trustees, and which also contains supplemental needs trust protection. This would allow the grandson to continue receiving governmental benefits and, at the same time, permit the assets in the new trust to be used to enhance the grandson's quality of life.

The petition summarized the terms of the new trust. The petition alleged that the new trust was a supplemental needs trust that was created for the grandson's benefit and that it

conformed with the provisions of EPTL 7-1.12. Unlike the original trust, the new trust did not give the grandson the right to any income or principal when he turned 21. Indeed, the new trust did not give the grandson the right to withdraw any sum from the trust at any time. Rather, the new trust stated that the grandson "shall not have any right or power to assign, encumber, direct, distribute or authorize distribution from this trust."

The New York State Department of Health (hereinafter the State) filed objections to the petition. The State argued, among other things, that the new trust had been created using the grandson's assets since he was the only beneficiary of the original trust. The State contended that because the new trust had been created with the grandson's assets, it must be considered a "first-party" or "self-settled" supplemental needs trust, and that it was therefore required to contain a "payback" provision pursuant to EPTL 7-1.12. The State contended that such a payback provision would allow it, upon the grandson's death, to recoup all amounts remaining in the new supplemental needs trust up to the total value of all medical assistance paid on behalf of the grandson. Since the new trust did not contain a payback provision, the State argued that the Surrogate's Court should not approve the exercise of the power of appointment.

The trustees submitted an attorney affirmation in response to the State's objections. They contended that the grandson's father had given written consent, on behalf of the grandson, to the creation of the new trust, and that the new trust was therefore "immediately effective on May 2, 2012," before the grandson turned 21 years old. Since the assets of the original trust had not vested in the grandson when the new trust was created, the trustees contended that the new trust "cannot be a self-settled trust . . . and no pay-back clause [was] required."

In a decision dated September 30, 2013, the Surrogate's Court rejected the State's objections, concluding that a payback provision was not required. In a decree dated December 2, 2013, made upon the decision, the court dismissed the State's objections and granted the petition approving the new trust. The State appeals, arguing that the Surrogate's Court should not have approved of the exercise of the power of appointment since the new supplemental needs trust did not contain a payback provision.

The trustees in this case appointed the assets of the original trust to the new supplemental needs trust pursuant to EPTL 10-6.6. The process of using the assets of one trust to create a

new trust pursuant to this statute is often referred to as "decanting" (Joseph T. La Ferlita, *New York's Newly Amended Decanting Statute Typifies Trend Toward Greater Flexibility*, 26 Prob & Prop 34 [July/Aug. 2012]).

The decanting statute explicitly authorizes a trustee to appoint the assets of an existing trust to a new supplemental needs trust (*see* EPTL 10-6.6 [n] [1]). This is authorized even if such action could "reduce, limit or modify" a beneficiary's right to receive income or principal from the existing trust (EPTL 10-6.6 [n] [1]; *see* Senate Introducer Mem in Support, Bill Jacket, L 2011, ch 451 at 24; Margaret Valentine Turano, 2011 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 10-6.6). However, the statute requires that a new supplemental needs trust that is created pursuant to the decanting statute must "conform[ ] to the provisions of [EPTL] 7-1.12" (EPTL 10-6.6 [n] [1]).

Pursuant to EPTL 7-1.12, "the creator" of a supplemental needs trust must be "a person or entity other than the beneficiary or the beneficiary's spouse" (EPTL 7-1.12 [a] [5] [iv]). However, the beneficiary of the supplemental needs trust "may be the creator of the trust if such trust meets the requirements of [Social Services Law § 366 (2) (b) (2)] and of the regulations implementing such clauses" (EPTL 7-1.12 [a] [5] [v]).

The Social Services Law, in turn, provides that the income and corpus (principal) of a trust that was "created" by the beneficiary will generally be considered to be "an available resource" for the purpose of determining the beneficiary's eligibility for medical benefits (Social Services Law § 366 [2] [b] [2] [i], [ii]), unless the trust contains a payback provision that allows the State, upon the beneficiary's death, to recoup "all amounts remaining in the trust up to the total value of all medical assistance paid on behalf of such individual" (Social Services Law § 366 [2] [b] [2] [iii]).

Here, contrary to the State's contention, a payback provision was not required pursuant to Social Services Law § 366 (2) (b) (2) (iii) since the grandson was not the "creator" of the new supplemental needs trust (EPTL 7-1.12 [a] [5] [iv]). A regulation implemented by the New York State Department of Social Services provides that "an individual will be considered to have created a trust if assets of the individual were used to form all or part of the principal (corpus) of the trust" (18 NYCRR 360-4.5 [b]; *cf.* 42 USC § 1382b [e] [2] [A]). The term "assets" is defined in the Social Services Law to mean "all income and resources of an individual" (Social Services Law § 366 [5] [e] [1]

[i]; *cf.* 42 USC § 1396p [h] [1]). Under state law, the term "income" is defined to have "the same meaning given to such term in section 1612 of the federal social security act" (Social Services Law § 366 [5] [e] [1] [iv]; *see* 42 USC § 1382a). The term "resources" is defined to have "the same meaning given to such term in section 1613 of the federal social security act" (Social Services Law § 366 [5] [e] [1] [v]; *see* 42 USC § 1382b).

Contrary to the State's contention, at the time that the trustees exercised their power of appointment, the principal contained in the original trust did not constitute a "resource" or "income" of the grandson as those terms are defined under state and federal law (*see* Social Services Law § 366 [5] [e] [1] [iv], [v]; *see also* 42 USC §§ 1382a, 1382b). It is undisputed that the original trust was funded by Ratowsky and that none of the grandson's assets was transferred to the original trust (*see* 42 USC § 1382b [e] [2] [A]). Since the grandson did not establish the original trust by contributing his own assets to it, the principal of the original trust was not a resource or income of the grandson (*cf.* 42 USC §§ 1382a [a] [2] [G]; 1382b [e] [3]). Inasmuch as the principal of the original trust was not the grandson's asset at the time that it was decanted into the new supplemental needs trust, it cannot be said that the grandson "created" the new trust (18 NYCRR 360-4.5 [b]). As the grandson was not the "creator" of the new trust, a payback provision was not required (EPTL 7-1.12 [a] [5] [iv]; *see* Social Services Law § 366 [2] [b] [2] [iii]). Accordingly, the Surrogate's Court properly dismissed the State's objections and granted the petition approving the exercise of the power of appointment (*see* EPTL 10-6.6 [j] [1]). Eng, P.J., Mastro, Cohen and Miller, JJ., concur.