D'Ablemont v D'Ablemont (2021 NY Slip Op 04906)





D'Ablemont v D'Ablemont


2021 NY Slip Op 04906


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-00934
2020-01103
2020-01442
 (Index No. 9358/02)

[*1]Whitney D'Ablemont, appellant, 
v
Christopher D'Ablemont, respondent.


Law Offices of Alayne Katz, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
The Kitson Law Firm, PLLC, White Plains, NY (Dina S. Kaplan of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 13, 2005, the plaintiff appeals from (1) a decision of the Supreme Court, Westchester County (Lewis J. Lubbell, J.), dated November 15, 2019, (2) an order of the same court dated December 12, 2019, and (3) an order of the same court dated December 23, 2019. The order dated December 12, 2019, insofar as appealed from, granted that branch of the defendant's motion which was to direct the plaintiff to continue paying the defendant the sum of $3,600 per month for the defendant's Florida living expenses, and thereupon, directed the plaintiff to pay the defendant the sum of $64,800 within 5 days of the entry of the order, and denied that branch of the plaintiff's cross motion which was for an award of attorney's fees. The order dated December 23, 2019, insofar as appealed from, (a) granted that branch of the defendant's motion which was to direct the plaintiff to continue paying the defendant the sum of $3,600 per month for the defendant's Florida living expenses, and thereupon, directed the plaintiff to pay the defendant the sum of $64,800 within 15 days of service of notice of entry of the order, and denied that branch of the plaintiff's cross motion which was for an award of attorney's fees.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp. , 100 AD2d 509, 509-510); and it is further,
ORDERED that the appeal from the order dated December 12, 2019, is dismissed, as that order was superseded by the order dated December 23, 2019; and it is further,
ORDERED that the order dated December 23, 2019, is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to direct the plaintiff to continue paying the defendant the sum of $3,600 per month for the defendant's Florida living expenses is denied, the matter is remitted to the Supreme Court, Westchester County, for a new determination of that branch of the plaintiff's cross motion which was for an award of attorney's fees, in accordance herewith, and the order dated December 12, 2019, is modified accordingly, and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff and the defendant were divorced by judgment of divorce in 2005. In accordance with a stipulation of settlement, the parties shared joint custody of their child, with the plaintiff having residential custody. The stipulation of settlement provided that if either party were "successful" in enforcing their rights under the stipulation, or in defending their position regarding their obligations under the stipulation, they would be entitled to reasonable attorney's fees. In 2013, the parties entered into an agreement to modify certain provisions of the stipulation of settlement (hereinafter the modification agreement), pursuant to which the plaintiff was permitted to relocate to Florida with the child. The modification agreement required the plaintiff to provide the defendant with an apartment in Florida to facilitate his parental access with the child and required the plaintiff to reimburse certain of the defendant's travel expenses. With regard to these obligations, the modification agreement specifically provided: "The [plaintiff] intends to rent an apartment at 9201 Collins Avenue, Surfside, FL 33154 to fulfill this obligation. In the event an apartment at this location is not available, then one of similar value will be provided. The [plaintiff] shall be responsible for paying the Florida Apartment rent, reasonable furnishings, reasonable utilities (excluding telephone), ordinary maintenance, and any common-area charges. The [plaintiff] shall rent the Florida Apartment and the [defendant] shall be entitled to sole and exclusive use and occupancy thereof until the Child's Emancipation. Should the [plaintiff] determine that the Florida Apartment has become undesirable, whether due to the location, safety, noise, repeated maintenance issues, issues involving around the Child having unsupervised access to the apartment while in High School, unreasonable rent inflation, or the [plaintiff's] decision to purchase a property on behalf of the Child, a new apartment will [be] provided with no interruption to the [defendant's] access schedule."
As contemplated by the modification agreement, the defendant was provided with an apartment at 9201 Collins Avenue, Surfside, FL 33154. However, in February 2015, the defendant was purportedly required to move out of that apartment because the building owner sold the unit. The defendant thereafter purchased an apartment in Miami, the costs for which he obtained reimbursements until July 31, 2015, when the reimbursements ceased. In an order dated December 21, 2017 (hereinafter the 2017 order), the Supreme Court, inter alia, directed the plaintiff to reimburse the defendant the sum of $3,600 per month for living expenses from August 2015 "until his parental access in Florida ceases, their daughter's emancipation, or another apartment is secured for Defendant by Plaintiff " (emphasis added).
Shortly thereafter, in January 2018, the plaintiff rented a new apartment for the defendant at 9201 Collins Avenue, Surfside, the same address as the original apartment contemplated by the modification agreement. The defendant refused to accept this newly proffered apartment, claiming that he was entitled, instead, to reimbursements for the Miami apartment he had purchased.
In April 2018, the defendant moved, inter alia, to direct the plaintiff to continue paying him the sum of $3,600 per month for living expenses. The plaintiff cross-moved, among other things, for an award of attorney's fees.
In a report and recommendation dated July 3, 2019, a referee, found, inter alia, that, prior to renting a new apartment for the defendant at 9201 Collins Avenue, Surfside, commencing January 2018, the plaintiff failed to make a finding that the apartment then in use by the defendant was "undesirable" under the terms of the modification agreement. Thus, the referee recommended that the plaintiff be required to pay the defendant living expenses in the sum of $3,600 per month from January 2018 through July 2019, for a total sum of $68,400. The referee also recommended denying that branch of the plaintiff's cross motion which was for an award of attorney's fees.
The Supreme Court, in effect, confirmed the report and recommendation. In an order dated December 23, 2019, the court, inter alia, granted that branch of the defendant's motion which was to direct the plaintiff to continue paying him the sum of $3,600 per month for living expenses, and thereupon, directed the plaintiff to pay the defendant the sum of $64,800 within 15 days of service of notice of entry of the order. The plaintiff appeals.
The modification agreement contemplates that the plaintiff provide the defendant with an apartment at 9201 Collins Avenue, Surfside. When the original apartment rented at that address was sold, the defendant was entitled to a new apartment, provided by the plaintiff, "at th[at] location," unless none were available. The apartment proffered by the plaintiff to the defendant in January 2018 satisfied her then-continuing obligation to provide an apartment at that location, as required by the terms of the modification agreement. Further, pursuant to the 2017 order, the plaintiff was only required to pay the defendant $3,600 per month for living expenses "until . . . another apartment is secured for Defendant by Plaintiff. " No appeal was taken by the defendant from the 2017 order. Contrary to the referee's conclusion, which was accepted by the Supreme Court, the plaintiff was not required to make a finding that the defendant's Miami apartment was undesirable, as the "undesirable" clause in the modification agreement pertained only to the condition of the apartment to be provided at 9201 Collins Avenue, Surfside. Accordingly, because the plaintiff satisfied her obligations with respect to the apartment under the terms of the modification agreement as of January 2018 and in accordance with the 2017 order, that branch of the defendant's motion which was to direct the plaintiff to continue paying him the sum of $3,600 per month for living expenses should have been denied.
In light of our determination, we reverse the denial of that branch of the plaintiff's cross motion which was for an award of attorney's fees, and remit the matter to the Supreme Court, Westchester County, for a new determination of that branch of the cross motion, taking into consideration the other relief sought by the parties on the motions referred to the referee.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court