All Is. Estates Realty Corp. v Singh (2023 NY Slip Op 04647)

All Is. Estates Realty Corp. v Singh

2023 NY Slip Op 04647

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-05134 
2022-02355
 (Index No. 611563/17)

[*1]All Island Estates Realty Corp., respondent, 
v
Dalbir Singh, appellant.

Dalbir Singh & Associates, P.C., New York, NY (Dalbir Singh pro se of counsel), for appellant.
Esagoff Law Group, P.C., Great Neck, NY (Janet Nina Esagoff of counsel), for respondent.

DECISION & ORDER
In an action to recover a real estate brokerage commission, the defendant appeals from (1) a decision of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated June 16, 2021, and (2) a judgment of the same court entered July 20, 2021. The judgment, upon the decision, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the total sum of $50,910.21.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendant purchased real property located in Babylon after signing a sales agreement for the property prepared and executed by R. Matthew Shane, a real estate broker employed by the plaintiff, a real estate brokerage firm. The sales agreement provided that the commission due to the plaintiff was $50,000 "from buyer." After the defendant failed to pay the commission, the plaintiff commenced the instant action against the defendant. After a nonjury trial, the Supreme Court rendered a verdict in favor of the plaintiff. Thereafter, a judgment was entered in favor of the plaintiff and against the defendant in the total sum of $50,910.21. The defendant appeals.
"To prevail on a cause of action to recover a commission, the broker must establish (1) that it is duly licensed, (2) that it had a contract, express or implied, with the party to be charged with paying the commission, and (3) that it was the procuring cause of the sale" (Saunders Ventures, Inc. v Catcove Group, Inc., 151 AD3d 991, 994 [internal quotation marks omitted]). "Where the broker is not involved in the negotiations leading up to the completion of the deal, the broker must establish that [it] created an amicable atmosphere in which negotiations proceeded or that [it] generated a chain of circumstances that proximately led to the sale" (id. at 994 [internal quotation marks omitted]).
Here, it is undisputed that Shane was a duly licensed real estate broker. Despite the defendant's contentions, the evidence adduced at the trial established that the sales agreement constituted a contract in which the defendant promised to pay Shane a commission of $50,000 for the subject sale. Despite the defendant's assertions to the contrary, the sales agreement was enforceable because, "[i]nsofar as relevant to this case, the essential terms of a contract for the sale of real property include the price and terms of payment, as well as the description of the property to be sold" (O'Hanlon v Renwick, 166 AD3d 890, 891), and, "[c]ontrary to the defendant's contention, the parties' anticipation of executing a more formal contract did not impair the effectiveness of the agreement, as the agreement embodied all of the essential terms" (id. at 891).
"To establish that a broker was the procuring cause of a transaction, the broker must establish that there was a direct and proximate link, as distinguished from one that is indirect and remote between the bare introduction of the parties to the transaction and the consummation of the sale" (Saunders Ventures, Inc. v Catcove Group, Inc., 209 AD3d 893, 896 [internal quotation marks omitted]). "[I]n order to qualify for a commission, a broker need not have been involved in the ensuing negotiations or in the completion of the sale, if such a direct and proximate causal link exists" (id. at 896 [internal quotation marks omitted]). Here, Shane's testimony established that he negotiated the sale price for the property on behalf of the defendant and set in motion the chain of circumstances that resulted in the sale, even though he did not participate in negotiations regarding obtaining a new lease from the tenant of the property, which was a condition of the transaction.
Accordingly, we affirm the judgment in favor of the plaintiff.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court