■ LILY C. M. REHAK, Respondent, v WILLIAM F. REHAK, Appellant. [652 NYS2d 547] —In an action for a divorce and ancillary relief, the defendant husband appeals from so much of (1) a decision of the Supreme Court, Westchester County (Nicolai, J.), dated November 15, 1995, as found that cruel and inhuman treatment constituted a ground for divorce in the action, and (2) a judgment of the same court, dated November 15, 1995, as determined that he was in arrears for temporary maintenance and directed him to pay to the plaintiff wife the sum of $4,650, and further directed him to maintain in full force and effect all health insurance covering the plaintiff wife and the daughter Alison Elizabeth Rehak as existed at the commencement of the action.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the sixth and eighth decretal paragraphs thereof are stricken, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

The parties settled this matrimonial action by a stipulation of settlement entered into in open court, after which both parties submitted judgments to the court for signature. The terms of the parties' settlement did not include any provision concerning arrears for temporary maintenance or health insurance. Accordingly, the court erred in signing the judgment submitted by the plaintiff wife which contained provisions concerning these subjects, and those provisions should be stricken.

In addition, we note that while the appeal from the decision must be dismissed, the decision improperly contained findings of cruel and inhuman treatment by the defendant husband. The parties stipulated that the plaintiff wife would only be granted a divorce on the ground of abandonment, and this understanding was properly reflected in the judgment. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.