■ VALERIE NESENOFF, Respondent, v PERRY NESENOFF, Appellant. [754 NYS2d 284] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered November 23, 2001, as allegedly failed to properly incorporate the terms of the parties' stipulation settling this action.

Ordered that the judgment is modified, on the law, (1) by deleting from the fourth decretal paragraph the following: "as follows: In even numbered years: Plaintiff shall have Memorial Day, Martin Luther King Day, July 4th, Columbus Day weekend, Easter Day, and New Years Day. In odd numbered years: Plaintiff shall have, Presidents' Day, Labor Day, Veterans Day and Thanksgiving Day;" (2) by deleting from the twelfth decretal paragraph the following: "The Defendant has previously received approximately $100,000 in marital assets for equitable distribution and, therefore, in consideration thereof the Plaintiff shall pay to the Defendant for aforesaid transfer the sum of $90,000 as follows: Said payment shall be paid on or before 12/1/01 which is approximately 120 days from today's date. If the same is not paid by that date, from that date forward the amount of $90,000 shall gather interest at the rate of 9% per annum judgment rate until paid," and (3) by deleting from the sixth decretal paragraph the following: "The basic child support obligation is $610.00 per month and the amount attributable to the non-custodial parent is $610 per month" and substituting therefor the following: "The basic child support obligation is $747 per month, and the amount to be paid by the custodial father to the non-custodial mother is $610 per month;" as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The father correctly contends that the judgment of divorce signed by the Supreme Court did not accurately reflect the parties' intentions as to visitation, equitable distribution, or the amount of the basic child support as calculated under Domestic Relations Law § 240 (1). Accordingly, we modify the judgment to reflect the terms of the parties' stipulation dated July 27, 2001, as well as their postcustody trial consent to an order of the Family Court, Suffolk County (*see Rehak v Rehak*, 235 AD2d 411).

The father's remaining contentions are without merit. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.